J-S20043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
GUY JOSEPH BICKING :
:
Appellant : No. 1557 MDA 2017

Appeal from the PCRA Order September 25, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000208-1987

BEFORE: GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED MAY 04, 2018**

Appellant, Guy Joseph Bicking, appeals *pro se* from the order entered in the Lackawanna County Court of Common Pleas, which dismissed as untimely his third petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On November 19, 1987, a jury convicted Appellant of first-degree murder. The court sentenced Appellant on June 18, 1988, to life imprisonment. This Court affirmed the judgment of sentence on June 12, 1990, and our Supreme Court denied allowance of appeal on January 15, 1991. *See Commonwealth v. Bicking*, 579 A.2d 415 (Pa.Super. 1990), *appeal denied*, 526 Pa. 653, 586 A.2d 922 (1991). From 1992 to 2014, Appellant filed two unsuccessful petitions for collateral relief. On March 7, 2017, Appellant filed the current *pro se* PCRA petition. The court appointed counsel and held a PCRA hearing on August 17, 2017. On September 25,

2017, the court denied relief. Appellant timely filed a *pro se* notice of appeal on October 6, 2017.[1] No Pa.R.A.P. 1925(b) statement was ordered or filed.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(1-2). The "newly-discovered fact" exception at Section 9545(b)(1)(ii) requires a petitioner to plead and prove he: (1) did not know the fact(s) upon which he based his petition; and (2) could not have learned those fact(s) earlier by the exercise of due diligence. ***Commonwealth v. Shiloh***, 170 A.3d 553 (Pa.Super. 2017). Due diligence requires the petitioner to take reasonable steps to protect his own interests; this rule is strictly enforced. ***Id.*** at 558.

Instantly, Appellant's judgment of sentence became final on April 15, 1991, upon expiration of the time for filing a petition for writ of *certiorari* with

---

[1] The PCRA court allowed Appellant to proceed *pro se* on appeal after a hearing per ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998) (holding court must determine on record that indigent defendant wants to proceed *pro se*, to ensure waiver of counsel is knowing, intelligent and voluntary).

the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on March 7, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the Section 9545(b)(1)(ii) "newly-discovered fact" exception, claiming: he received a newspaper article in 1989, indicating police seized multiple weapons from 1526 Mulberry Street; one of the Commonwealth's eyewitnesses in Appellant's case, Mr. Rogers, went to 1526 Mulberry Street after the January 10, 1987 murder; Appellant theorized Mr. Rogers was the shooter and stashed the murder weapon at 1526 Mulberry Street; no murder weapon was recovered in Appellant's case but a ballistics report showed the bullet could have been fired by one of eight types of guns; Appellant wanted a copy of the police report to see which types of guns were seized from Mulberry Street but his legal research indicated it was undiscoverable under the old and new Right to Know Law;[2] Appellant tried to hire a private investigator but he was unable to; Appellant "gave up" and "let it go" because "there was nothing else to do"; at some point, Appellant's sister found the 1989 newspaper article and urged Appellant to continue his efforts; Appellant filed a civil lawsuit against the Scranton Police Department on October 13, 2015, requesting the police report; the City Solicitor responded on February 7, 2017, with a copy of the report, which stated various guns

---

[2] *See* Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104. The new Right to Know Law repealed the former Right to Know Law, Act of June 21, 1957, P.L. 390, *as amended, formerly* 65 P.S. §§ 66.1-66.4.

were seized from 1526 Mulberry Street, some of which are consistent with the type of murder weapon in Appellant's case; and Appellant filed this PCRA petition within 60 days of receiving the report. Nevertheless, Appellant does not explain how he was able to obtain the police report if the Right to Know Law did not afford him relief. Appellant did not attach to his PCRA petition any documents from his civil lawsuit against the Police Department. At the PCRA hearing, Appellant said he ultimately filed a *mandamus* action to compel the Police Department to supply the report, but Appellant failed to explain why he could not have pursued *mandamus* relief sooner. Under these circumstances, Appellant has not shown the due diligence needed to meet the asserted timeliness exception. **See Shiloh, supra**. Thus, Appellant's petition remains untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2018