J-S09038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY LEE ROCK | : | |
| | : | |
| Appellant | : | No. 1605 MDA 2017 |

Appeal from the PCRA Order September 25, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-MD-0000283-1977

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED MAY 15, 2018**

Appellant, Gary Lee Rock, appeals *pro se* from the order entered in the Franklin County Court of Common Pleas, which dismissed as untimely his serial petition for collateral relief (labeled a petition for writ of *habeas corpus*), per the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In May 1978, a jury convicted Appellant of six counts of attempted murder and two counts of first-degree murder.  The court sentenced Appellant in September 1980, to life imprisonment, and our Supreme Court affirmed the judgment of sentence in 1981.  In 1984, Appellant obtained *habeas corpus* relief in federal court.  Following a new trial, a jury convicted Appellant on January 22, 1985, of four counts of attempted murder and two counts each of first-degree murder and aggravated assault.  On March 26, 1986, the court again sentenced Appellant to life imprisonment.  This Court

_____

\*   Retired Senior Judge assigned to the Superior Court.

affirmed the judgment of sentence on April 16, 1987, and our Supreme Court denied allowance of appeal on July 8, 1988. *See Commonwealth v. Rock*, 526 A.2d 1235 (Pa.Super. 1987) (unpublished memorandum), *appeal denied*, 519 Pa. 653, 546 A.2d 58 (1988). Appellant sought no further direct review, so the judgment of sentence became final sixty days later, on September 6, 1988. *See* U.S.Sup.Ct.R. 20.1 (effective 1984 to 1990).

Between 1988 and 2001, Appellant unsuccessfully litigated a petition for *habeas corpus* relief in federal court and two PCRA petitions. On June 8, 2015, Appellant filed his third *pro se* PCRA petition, arguing police records sealed during his 1978 trial might contain exculpatory evidence. The PCRA court dismissed the petition as untimely on September 3, 2015; this Court affirmed on April 1, 2016, concluding Appellant failed to show he exercised due diligence to obtain the sealed police records. *See Commonwealth v. Rock*, 143 A.3d 770 (Pa.Super. 2016) (unpublished memorandum).

On June 16, 2017, Appellant filed the current *pro se* petition for writ of *habeas corpus*, which the PCRA court deemed a fourth PCRA petition. In the petition, Appellant recast the argument from his third PCRA petition in light of *Commonwealth v. Burton*, 121 A.3d 1063 (Pa.Super. 2015) (*en banc*), *aff'd*, 638 Pa. 687, 158 A.3d 618 (2017). The PCRA court issued Rule 907 notice on September 15, 2017; Appellant filed a *pro se* response on September 22, 2017. On September 25, 2017, the PCRA court dismissed the petition. Appellant filed a timely *pro se* notice of appeal and voluntary

Rule 1925(b) statement on October 13, 2017.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). As well, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2). The timeliness exception at Section 9545(b)(1)(ii), known as the newly-discovered facts exception, requires a petitioner to plead and prove he: (1) did not know the facts upon which he based his petition; and (2) could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Shiloh**, 170 A.3d 553 (Pa.Super. 2017). Generally, Pennsylvania courts presume that

information of public record is not "unknown" for purposes of the Section 9545(b)(1)(ii) exception. ***Commonwealth v. Chester***, 586 Pa. 468, 895 A.2d 520 (2006). Pennsylvania courts, however, do not apply a public record presumption to *pro se* incarcerated PCRA petitioners; but, a *pro se* incarcerated petitioner is still required to **plead and prove** the petitioner's due diligence. ***Burton, supra*** at ___, 158 A.3d at 638; ***Shiloh, supra*** at 559. Additionally, to be eligible for relief under the PCRA, a petitioner must plead and prove, *inter alia*, his allegations of error were not previously litigated. 42 Pa.C.S.A. § 9543(a)(3).

Instantly, Appellant claims police records sealed during his 1978 trial might contain exculpatory evidence. As presented, Appellant's claim is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi). Thus, the PCRA court properly treated this most recent prayer for relief as a PCRA petition. Nevertheless, Appellant's judgment of sentence became final on September 6, 1988, upon expiration of the time to file a petition for writ of *certiorari* in the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 20.1 (effective 1984 to 1990). Appellant filed the current PCRA petition on June 16, 2017, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the newly-discovered facts exception, insisting police records sealed during his 1978 trial might contain exculpatory evidence. In his third PCRA petition, Appellant litigated a substantially identical claim based on the same exception, which failed for lack of due

diligence in seeking access to the same sealed records. Appellant cannot now rely upon **Burton** to resurrect a claim previously decided against him in his third PCRA petition. **See** 42 Pa.C.S.A. § 9543(a)(3). Thus, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. **See Zeigler, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/18