J-S41041-17

2017 PA Super 291

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LISA LEE SHILOH | : | |
| | : | |
| Appellant | : | No. 2040 MDA 2016 |

Appeal from the Order Entered November 30, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0000635-2010,
CP-01-CR-0000645-2010

BEFORE:    GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

OPINION BY GANTMAN, P.J.:                    **FILED SEPTEMBER 08, 2017**

Appellant, Lisa Lee Shiloh, appeals *pro se* from the order entered in the Adams County Court of Common Pleas, which dismissed as untimely her serial petition filed under the Post Conviction Relief Act ("PCRA").[1] We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On February 1, 2011, a jury convicted Appellant of multiple counts of delivery of a controlled substance, criminal use of a communication facility, conspiracy, and endangering the welfare of children, in connection with Appellant's participation in a drug operation.  Relevant to this appeal,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant's sister, Stacy Stitely, was also involved with, and faced charges for her role in, the drug operation. Ms. Stitely testified for the Commonwealth at Appellant's trial. The trial court sentenced Appellant on April 21, 2011, to an aggregate term of 14-30 years' imprisonment. Appellant did not file a direct appeal.

On November 17, 2011, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel on November 23, 2011, who filed an amended PCRA petition on April 4, 2012, and a second amended petition on May 11, 2012. Following a PCRA hearing, the court denied PCRA relief on February 12, 2013. This Court affirmed the decision on November 20, 2013. *See Commonwealth v. Shiloh*, 91 A.3d 1291 (Pa.Super. 2013).

Appellant filed her second PCRA petition *pro se* on January 17, 2014. Following appropriate notice pursuant to Pa.R.Crim.P. 907, the court denied relief on February 4, 2015. This Court affirmed the denial of PCRA relief on December 18, 2015. *See Commonwealth v. Shiloh*, 135 A.3d 663 (Pa.Super. 2015). Appellant filed another PCRA petition on March 28, 2016, which she withdrew on May 19, 2016.

On June 23, 2016, Appellant filed the current serial *pro se* PCRA petition, asserting the "newly-discovered fact" exception to the PCRA timeliness requirement. Specifically, Appellant claimed, *inter alia*, that on May 3, 2016, she received an affidavit from her sister, Ms. Stitely, stating that the investigating officer in Appellant's case had promised to help Ms.

Stitely get a deal in exchange for her cooperation and testimony against Appellant. Appellant attached a copy of the affidavit to her PCRA petition. In her affidavit dated April 26, 2016, Ms. Stitely states:

> I Stacy Stitely was in Adams County Prison for [a] drug raid in Littlestown Pa on June 15, 2010. Within a week or two Officer O'Shea came to Adams County Prison [and] wanted to talk with me about what they knew and what I knew about what was happening with Carroll Lescalleet Sr., Kirk [Shiloh] & [Appellant,] all the people dealing with this case. At that time my boyfriend Carroll Lescalleet Sr. was also in Adams County Prison. Officer O'Shea told me if I'd talk with him he'd help get Carroll released at his bail hearing because he knew we had a young son at home and when the time came for me he would help me get a deal. So I talked with him and on June 23, 2010, Carroll Lescalleet Sr. was released from Adams County Prison. On February 1, 2011[,] I testified for him against [Appellant] and on August 11, 2011 I was sentenced to 18 months—5 year[s] because I cooperated and testified.

(Affidavit of Stacy Stitely, dated April 26, 2016, at 1-2). Appellant asserted in her PCRA petition that the agreement between her sister and Trooper O'Shea constituted a "newly-discovered fact," previously unknown, because Ms. Stitely expressly denied the Commonwealth had offered her any promises or deals in exchange for her testimony as a Commonwealth witness at Appellant's trial. Appellant also attached to her PCRA petition a copy of her sister's August 22, 2011 negotiated guilty plea colloquy transcript, in which the Commonwealth states it offered Ms. Stitely a sentence slightly into the mitigated range based in part on her cooperation in Appellant's case and testimony against Appellant. Appellant insisted she had no reason to suspect her sister lied at Appellant's trial, when she denied

- 3 -

the existence of a deal. Appellant claimed she could not have discovered the deal between Ms. Stitely and the Commonwealth sooner, even with the exercise of due diligence.

On October 3, 2016, the court issued notice of its intent to dismiss Appellant's petition without a hearing per Pa.R.Crim.P 907. Appellant responded *pro se*. The PCRA court denied relief on November 30, 2016. Appellant timely filed a *pro se* notice of appeal on December 14, 2016. On December 21, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on January 12, 2017.

Appellant raises the following issues for our review:

> DID THE [PCRA] COURT ERR IN FAILING TO PROPERLY APPLY THE EXCEPTION OUTLINED IN 42 PA.C.S. [§] 9545(B)(1)(II)?
>
> DID THE [PCRA] COURT ERR IN ITS DETERMINATION THAT THE WITNESS' AFFIDAVIT IS CONSISTENT WITH HER TRIAL TESTIMONY?
>
> DID THE [PCRA] COURT ERR BY MISREPRESENTING [APPELLANT'S] DILIGENCE TO SHIELD A DUE PROCESS VIOLATION?

(Appellant's Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. ***Commonwealth v. Ford***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959

A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).

For purposes of disposition, we combine Appellant's issues. Appellant argues her sister's affidavit satisfies the "newly-discovered fact" exception to the PCRA's timeliness requirement. Before she received the affidavit, Appellant states she was unaware of any agreement between her sister and Trooper O'Shea or the Commonwealth in exchange for her sister's testimony against Appellant. Appellant insists the Commonwealth did not disclose the deal to defense counsel through discovery or at any time during Appellant's trial. Appellant emphasizes that her sister denied the fact of a deal at Appellant's trial, and the prosecutor "stood silent" instead of bringing Ms. Stitely's "perjury" to light. Appellant claims she had no reason to suspect her sister testified falsely at Appellant's trial. Appellant contends her sister also denied any deal when questioned by family and friends on this topic. Appellant claims, however, the transcript from her sister's guilty plea proceeding makes clear Ms. Stitely received a lenient sentence in exchange for her cooperation in Appellant's case and testimony against Appellant. Appellant concedes her sister's guilty plea and sentence are matters of public record, but she maintains the "public record presumption" does not apply to *pro se* incarcerated petitioners. Even if Appellant had uncovered

Ms. Stitely's guilty plea transcript sooner, Appellant suggests the transcript shows only that Ms. Stitely received a deal **after** testifying against Appellant; the transcript does not reveal Trooper O'Shea's promise to Ms. Stitely **before** Appellant's trial. Appellant concludes the information contained in Ms. Stitely's affidavit is a "newly-discovered fact" that warrants an evidentiary hearing in this case, and this Court should vacate and remand for further proceedings. For the following reasons, we agree that further proceedings are necessary in this case.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Robinson***, 12 A.3d 477 (Pa.Super. 2011). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United

States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date that claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  "As such, when a PCRA [petition] is not filed within one year of the expiration of direct review, or not eligible for one of the exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim first could have been brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims."  *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

The timeliness exception set forth in Section 9545(b)(1)(ii), also known as the "newly-discovered fact" exception,[2] requires a petitioner to

_____

[2] Pennsylvania courts continue to use varying terminology for the exception set forth at Section 9545(b)(1)(ii).  Nevertheless, our Supreme Court has declared that the phrase "newly-discovered fact" most accurately reflects that exception.  *See Commonwealth v. Bennett*, 593 Pa. 382, 393, 930 A.2d 1264, 1270 (2007).  *See also Commonwealth v. Burton*, ___ Pa. ___, ___, 158 A.3d 618, 627-28 (2017) ("finding it necessary to address, once again, the appropriate terminology for referring to the exception set
*(Footnote Continued Next Page)*

plead and prove: (1) she did not know the fact(s) upon which she based her petition; and (2) she could not have learned those fact(s) earlier by the exercise of due diligence. *Bennett, supra*. Due diligence demands the petitioner to take reasonable steps to protect her own interests. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). This standard, however, entails "neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa.Super. 2015) (*en banc*), *aff'd*, ___ Pa. ___, 158 A.3d 618 (2017). Thus, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Id.* at 1070. A petitioner must explain why she could not have learned the new fact earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 566 Pa. 323, 781 A.2d 94 (2001). This rule is strictly enforced. *Commonwealth v. Monaco*, 996 A.2d 1076 (Pa.Super 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011).

Generally, Pennsylvania courts presume that information of public record is not "unknown" for purposes of the Section 9545(b)(1)(ii)

*(Footnote Continued)* ─────────────────

forth in subsection 9545(b)(1)(ii)"; "as…acknowledged in *Bennett*, …the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence'"; …"[b]y imprecisely referring to this subsection as the 'after-discovered evidence' exception, we have ignored its plain language"; prior decisions "should have dispelled '[a]ny confusion created by the mislabeling' of subsection (b)(1)(ii)").

exception. ***Commonwealth v. Chester***, 586 Pa. 468, 895 A.2d 520 (2006) (stating information is not "unknown" to PCRA petitioner when it is matter of public record). ***See also Commonwealth v. Taylor***, 620 Pa. 429, 67 A.3d 1245 (2013) (holding appellant failed to satisfy newly-discovered fact exception to PCRA timeliness requirement because trial counsel's purported conflict of interest was matter of public record in cases docketed, filed with clerk of court, and readily available). This Court in ***Burton*** confronted the public record presumption and removed its application from cases involving *pro se* incarcerated PCRA petitioners, explaining:

> The general rule is reasonable when we may conclude that the petitioner retains access to public information, such as when a petitioner is represented by counsel. In such cases, public records should be presumptively knowable. However, a *pro se* petitioner does not have access to information otherwise readily available to the public. That is elementary: A PCRA petitioner is most often incarcerated, and thus, no longer a member of the public. Without counsel's providing a conduit to publicly available information, a presumption of access is cynical, and the strength of the general rule falters. Thus, the Supreme Court has expressly recognized the importance of **access** to the public information.

***Burton, supra*** at 1072 (emphasis in original) (internal citations omitted).

Our Supreme Court subsequently affirmed this Court's ***Burton*** decision and expressly held: "[T]he presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does **not apply** to *pro se* prisoner petitioners. …[T]he application of the public record presumption to *pro se* prisoners is contrary

to the plain language of subsection 9545(b)(1)(ii) and was imposed without any apparent consideration of a *pro se* prisoner's actual access to information of public record." **Burton** at ___, 158 A.3d at 638 (emphasis in original). The Court clarified: "A *pro se* incarcerated PCRA petitioner is still required to prove that the facts upon which [her] claim of a timeliness exception under subsection 9545(b)(1)(ii) is based were **unknown to [her]** and not ascertainable by the exercise of due diligence. Our decision merely eliminates what we conclude is an unjustifiable presumption." **Id.** at ___ n.23, 158 A.3d at 638 n.23 (emphasis in original). The Court added:

> Accordingly, consistent with the statutory language, in determining whether a petitioner qualifies for the exception to the PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether the facts upon which the claim is predicated were unknown to the petitioner. In some cases, this may require a hearing. After the PCRA court makes a determination as to the petitioner's knowledge, it should then proceed to consider whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records.

**Id.** at ___, 158 A.3d at 638 (internal quotation marks and footnote omitted). Under **Burton**, Pennsylvania courts shall no longer apply a public record presumption to *pro se* incarcerated PCRA petitioners; but, a *pro se* incarcerated petitioner is still required to **plead and prove** the facts grounding her claim were unknown to her, she could not have discovered those facts sooner with the exercise of due diligence, and her reasonable access to public records. **Id.** In other words, the *pro se* incarcerated

- 10 -

petitioner's claim will not be subject to the public record presumption; instead, the court must step through its analysis without the presumption, which might necessitate a hearing. *Id.*

Instantly, Appellant's judgment of sentence became final on May 21, 2011, upon expiration of the time for filing a direct appeal. *See* Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Appellant filed the current serial *pro se* PCRA petition on June 23, 2016, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the exception at Section 9545(b)(1)(ii), alleging her sister's affidavit concerning a promise she received in exchange for her testimony against Appellant contains a "newly-discovered fact," which Appellant did not know and could not have discovered sooner, even with the exercise of due diligence.

In her PCRA petition Appellant alleged, *inter alia*, the Commonwealth did not disclose during discovery or at Appellant's trial the existence of any deal with Ms. Stitely; Ms. Stitely testified for the Commonwealth at Appellant's trial and denied there were any promises or deals in exchange for her testimony; and Ms. Stitely has maintained repeatedly to family and friends that she did not receive a deal in exchange for her testimony.

Additionally, Ms. Stitely's criminal docket indicates she entered a negotiated guilty plea at CP-01-CR-0000643-2010 on August 22, 2011, to one count each of possession with the intent to deliver a controlled

substance and conspiracy, and received an aggregate sentence of 18-60 months' imprisonment. The transcript from Ms. Stitely's guilty plea hearing shows the Commonwealth recommended a lenient sentence based, at least in part, on her cooperation and testimony against Appellant. Ms. Stitely's criminal docket and the transcripts from her guilty plea and sentencing hearings are matters of public record. Nevertheless, Appellant's position is that she had no reason to investigate Ms. Stitely's records before Appellant received her sister's affidavit. On the other hand, Appellant had the benefit of court-appointed counsel during the litigation of her first PCRA petition, from the date of counsel's appointment on November 23, 2011, until November 20, 2013, when this Court affirmed the order denying PCRA relief. Thus, the record remains unclear whether Appellant could have discovered the alleged arrangement between her sister and Trooper O'Shea and the Commonwealth sooner with the exercise of due diligence.

Consistent with the dictates of **Burton**, the best resolution of this case is to remand it for an evidentiary hearing for the court to decide if Trooper O'Shea's alleged offer and the Commonwealth's "deal" were unknown to Appellant. Although Ms. Stitely's affidavit is not necessarily inconsistent with her trial testimony, it is brief and does not disclose the details of her alleged understanding with Trooper O'Shea or whether Trooper O'Shea or the Commonwealth specifically promised her anything in exchange for her testimony against Appellant. Upon remand, the court must learn the details

of any alleged agreement(s) and decide if they were as alleged and whether Appellant could have discovered this information sooner with the exercise of due diligence, including an assessment of Appellant's reasonable access to public records. **See Burton, supra**. Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017