J-S05033-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
　　　　　　　Appellee :
:
　　　　v. :
:
ADAM FLINT, :
:
　　　　　　　Appellant :
: No. 1107 WDA 2017

Appeal from the PCRA Order June 30, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000394-2013, CP-02-CR-0000395-
2013, CP-02-CR-0000396-2013, CP-02-CR-0000397-2013, CP-02-CR-
0000398-2013, CP-02-CR-0000479-2013, CP-02-CR-0000604-2013, CP-02-
CR-0001674-2013, CP-02-CR-0001675-2013, CP-02-CR-0001676-2013, CP-
02-CR-0001677-2013, CP-02-CR-0001678-2013, CP-02-CR-0001681-2013,
CP-02-CR-0001731-2013, CP-02-CR-0001732-2013, CP-02-CR-0001733-
2013, CP-02-CR-0001735-2013, CP-02-CR-0001736-2013, CP-02-CR-
0001737-2013

BEFORE:　OLSON, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　**FILED MARCH 29, 2018**

　　　　Adam Flint (Appellant) appeals from the June 30, 2017 order denying

his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.

§§ 9541-9546, seeking reinstatement of his post-sentence motion and

appellate rights. We affirm.

　　　　On August 1, 2013, Appellant pled guilty via an open plea agreement

to 18 counts of burglary and one count of attempted burglary charged in

nineteen separate criminal informations.　On November 1, 2013, Appellant

---

* Retired Senior Judge assigned to the Superior Court.

was sentenced to an aggregate term of 17 to 34 years of imprisonment. Appellant did not file post-sentence motions or a direct appeal.

On December 8, 2015, Appellant *pro se* filed a PCRA petition. Counsel was appointed and an amended petition was filed. In his amended petition, Appellant recognized that the petition was facially untimely.[1] However, Appellant asserted the applicability of the newly-discovered facts time-bar exception. *See* 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."). Specifically, Appellant averred that he filed his PCRA petition within 60 days of his learning that his plea counsel failed to file an appeal as Appellant had requested.

Following an evidentiary hearing, the PCRA court dismissed Appellant's petition as untimely filed on June 30, 2017. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[1] "For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Thus, Appellant's judgment of sentence became final on December 2, 2013 (due to December 1, 2013 occurring on a weekend), and he had one year, or until December 2, 2014, to file timely a PCRA petition.

On appeal, Appellant presents two issues, both of which ask us to decide whether the PCRA court erred by determining that Appellant's PCRA petition failed to satisfy the newly-discovered facts time-bar exception. Appellant's Brief at 4. First, Appellant argues that the PCRA court's finding that his plea counsel never promised to file a direct appeal is unsupported by the record. *Id*. Second, Appellant contends that he exercised due diligence in ascertaining the status of the appeal, and the PCRA court erred by determining otherwise. *Id.*

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. *Commonwealth v. Orlando,* 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). "A PCRA court's credibility findings are to be accorded great deference," and, if the findings are supported by the record, they are binding upon a reviewing court. *Id.*

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011).

The statutory exception relevant to this appeal is the newly-discovered facts exception, which requires proof that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Due diligence "entails neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (citations and quotation marks omitted).

Here, Appellant relies upon *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), in which our Supreme Court held that Bennett was entitled to invoke the newly-discovered facts exception because his counsel abandoned him on appeal, he was not aware that his appeal had been dismissed for counsel's failure to file a brief, and he filed a PCRA petition within 60 days of learning that his counsel failed to file a brief. Appellant argues that similar to *Bennett*, his plea counsel abandoned him for purposes of appeal, he was unaware that an appeal had never been filed,

and he exercised due diligence in determining the status of the appeal. Appellant's Brief at 11-14.

In support of these contentions, Appellant points to his own testimony. Specifically, Appellant testified that immediately after sentencing, he asked his plea counsel to calculate how much time he received, and plea counsel told him he was trying to figure it out, but not to worry because he would "put appeals in" for Appellant. N.T., 5/11/2017, at 13. Appellant also contends that he wrote five letters to his plea counsel following his sentencing asking plea counsel about the status of his appeal, but plea counsel failed to respond. *Id.* at 14, 23. In November 2015, almost two years after he was sentenced, Appellant wrote to the clerk of courts and asked if his attorney ever filed an appeal on his behalf. *Id.* at 28. After receiving a reply indicating that no appeal was pending, Appellant filed a PCRA petition within a month alleging ineffective assistance of counsel.

The PCRA court determined that plea counsel did not abandon Appellant for purposes of an appeal, and therefore **Bennett** is inapplicable to Appellant's case. The PCRA court did not find credible Appellant's testimony that his plea counsel volunteered to file a direct appeal and then failed to do so. PCRA Court Opinion, 6/30/2017, at 7. Instead, it relied upon the testimony of plea counsel, who testified that he did not recall Appellant asking him in person or in writing to file a motion to reconsider his sentence or an appeal, and if Appellant had done so, he would have. N.T.,

5/11/2017, at 6, 8-9. Plea counsel acknowledged that while he did not have a "definitive memory" about Appellant's not asking him to file an appeal, Appellant's file did not contain any correspondence with such a request. *Id.* at 9-10. According to plea counsel, he acknowledges every letter he receives by writing back and placing a copy in the file, so the absence of a letter indicated to him that Appellant never requested him to file an appeal. *Id.*

Appellant's argument that the PCRA court erred in solely relying on plea counsel's reputation instead of facts in the record when making its credibility finding is unavailing. "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." *Orlando*, 156 A.3d at 1280. Despite Appellant's claim that he wrote five letters to plea counsel inquiring about the status of an appeal, no such letters were located in plea counsel's file, and counsel testified about his normal practice of retaining such letters. The absence of the letters in the file was confirmed by Appellant's PCRA counsel, who examined the file after the record was left open to permit him to do so. Therefore, because Appellant failed to establish that he requested his counsel to file an appeal or that counsel

volunteered to file one, the PCRA court did not err in determining that plea counsel did not abandon him.[2]

Based on the foregoing, the PCRA court did not err by dismissing Appellant's PCRA petition due to Appellant's failure to prove the applicability of the newly-discovered-facts time-bar exception. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2018

---

[2] Even if Appellant had proven that plea counsel abandoned him for purposes of appeal and Appellant was unaware of that fact, we agree with the trial court that he did not establish the second prong of the newly-discovered facts exception analysis, in that he did not exercise due diligence in ascertaining whether plea counsel had filed an appeal. If counsel had promised to file an appeal, Appellant certainly was entitled to trust his lawyer to guide him through the process. However, that ceased to be the case once plea counsel repeatedly failed to respond to his letters. Thus, Appellant offered no reasonable explanation as to why it took him two years to write to the clerk of courts to inquire about the status of an appeal.