J-S57026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL RICHARDS | : | |
| | : | |
| Appellant | : | No. 3478 EDA 2017 |

Appeal from the PCRA Order October 6, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1200841-1999

BEFORE: PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PLATT, J.:                                   **FILED NOVEMBER 06, 2018**

Appellant, Michael Richards, appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

The relevant facts and procedural history of this case are as follows. On May 30, 2001, a jury found Appellant guilty of first-degree murder, robbery, intimidation of a witness, and possession of an instrument of a crime. On August 6, 2001, the trial court sentenced Appellant to an aggregate term of life imprisonment, plus not less than eighteen nor more than thirty-six months' incarceration. This Court affirmed the judgment of sentence on April 7, 2003, and our Supreme Court denied further review on December 22, 2003. (*See Commonwealth v. Richards*, 828 A.2d 402 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 841 A.2d 530 (Pa. 2003)). The

_____

* Retired Senior Judge assigned to the Superior Court.

PCRA court dismissed Appellant's first PCRA petition as untimely on September 2, 2005. This Court affirmed its order on September 22, 2006, and our Supreme Court denied further review on June 6, 2007. (*See Commonwealth v. Richards*, 913 A.2d 945 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 926 A.2d 973 (Pa. 2007)).

Appellant filed the instant, counseled PCRA petition on May 4, 2017. Appellant attached two affidavits to the petition; one submitted by his father, Westmore Richards (dated October 2015), and another by a family friend, Timothy Zeigler (dated April 26, 2017). Both affidavits recount statements allegedly made by the jury foreperson to Westmore Richards and his wife in the lobby of the courthouse on the last day of trial. The affiants claim that the foreperson stated: "I hate Jamaicans all they do is kill people and sell drugs they should all go back where they come from[.]" (Affidavit of Westmore Richards, 10/15, at 1);[1] (*see also* Affidavit of Timothy Zeigler, 4/26/17, at 1) (claiming jury foreperson said: "I don't like Jamaicans . . . I don't like them . . . I don't know why they let them over here."). Westmore Richards further averred that he immediately reported this information to defense counsel, who indicated that nothing could be done about the juror's comments because the trial had ended. (*See* PCRA petition, 5/04/17, at 3 ¶ 5). Appellant argues that, in light of these affidavits, he is entitled to relief

_____

[1] Appellant was born in Jamaica.

based on the United States Supreme Court's decision in ***Pena-Rodriquez v. Colorado***, 137 S. Ct. 855 (2017).[2]

The PCRA court entered its order and opinion dismissing the petition on October 6, 2017, after issuing notice of its intent to do so. ***See*** Pa.R.A.P. 907(1). This timely appeal followed.[3]

Appellant raises the following question for our review: "[Whether] Appellant's present PCRA Petition is not untimely and the case should be remanded to the [PCRA court] for an evidentiary hearing because he is entitled to relief under ***Pena-Rodriquez***[, ***supra***?]" (Appellant's Brief, at 3).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error." ***Commonwealth v. Shiloh***, 170 A.3d 553, 556 (Pa. Super. 2017) (citation omitted). "The

---

[2] The ***Pena-Rodriquez*** Court held that, "where a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant, the Sixth Amendment requires that the no-impeachment rule give way in order to permit the trial court to consider the evidence of the juror's statement and any resulting denial of the jury trial guarantee." ***Pena-Rodriquez***, ***supra*** at 869. The no-impeachment rule refers to the "general rule [that] has evolved to give substantial protection to verdict finality and to assure jurors that, once their verdict has been entered, it will not later be called into question based on the comments or conclusions they expressed during deliberations." ***Id.*** at 861.

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. On October 25, 2017, it re-entered the opinion it filed on October 6, 2017. ***See*** Pa.R.A.P. 1925.

- 3 -

timeliness of a PCRA petition is a jurisdictional requisite." *Id.* at 557 (citation omitted).

A petitioner must file any PCRA petition, including a second or subsequent petition, within one year of the date the underlying judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). The exceptions to the PCRA time-bar allow for three limited circumstances under which the late filing of a petition will be excused. *See id.*[4] "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

---

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

- 4 -

Instantly, Appellant's judgment of sentence became final on March 22, 2004 when his time to file a writ of *certiorari* with the United States Supreme Court expired. **See** U.S. Sup.Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until March 22, 2005, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on May 4, 2017, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As previously discussed, Appellant argues that he is entitled to relief pursuant to retroactive application of **Pena-Rodriguez**, thereby invoking the newly recognized and retroactively applied constitutional right exception at section 9545(b)(1)(iii). (**See** Appellant's Brief, at 7, 9, 11-13).

> Our Supreme Court has set forth a two-part test to determine the applicability of Section 9545(b)(1)(iii) to a new decision:
>
> > Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. **By employing the past tense in writing this provision, the legislature clearly**

> **intended that the right was already recognized at the time the petition was filed**.

*Commonwealth v. Kretchmar*, 189 A.3d 459, 463 (Pa. Super. 2018) (citation omitted; emphasis added).

Therefore, since Appellant's PCRA petition is untimely, he must demonstrate that either the United States Supreme Court or the Pennsylvania Supreme Court has held that *Pena–Rodriguez* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See Kretchmar*, *supra* at 463. Because at this time, no such holding has been issued, Appellant cannot rely on *Pena–Rodriguez* to invoke that timeliness exception. Accordingly, we conclude that Appellant has failed to establish that his untimely petition fits within one of the three exceptions to the PCRA's time-bar. Accordingly, the PCRA court properly dismissed the petition without a hearing. *See Jackson*, *supra* at 519.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/18