J-S51023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD KENNETH CUNNINGHAM, JR. | : | |
| | : | |
| | : | |
| Appellant | : | No. 710 MDA 2019 |

Appeal from the PCRA Order Entered April 17, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0000560-2005

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:  **FILED SEPTEMBER 27, 2019**

Appellant, Donald Kenneth Cunningham, Jr., appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On January 20, 2006, Appellant entered a negotiated guilty plea to two counts each of involuntary deviate sexual intercourse ("IDSI"), incest, and indecent assault, and one count of corruption of minors, in connection with Appellant's sexual assaults on his daughter between April 30, 1999 and June 1, 2002.  The court imposed the negotiated aggregate sentence of 10 to 20 years' imprisonment, plus 10 years' probation.  This Court affirmed on December 14, 2007, and our Supreme Court denied allowance of appeal on May 30, 2008.  ***See Commonwealth v. Cunningham***, 947 A.2d 759 (Pa.Super. 2007), *appeal denied*, 597 Pa. 727,

952 A.2d 674 (2008).

On March 8, 2018, Appellant filed his first PCRA petition *pro se*. The court appointed counsel, who subsequently filed a petition to withdraw and a "no-merit" letter. On May 29, 2018, the court issued appropriate notice per Pa.R.Crim.P. 907, and denied relief on June 22, 2018. Appellant did not appeal that decision. Appellant filed the current PCRA petition *pro se* on March 11, 2019. The next day, the court issued Rule 907 notice and dismissed the petition as untimely on April 17, 2019. Appellant timely appealed on April 26, 2019, and the court immediately ordered a concise statement of errors per Pa.R.A.P. 1925(b). Appellant timely complied.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must also file the petition within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2). The "newly-discovered facts" exception at Section

9545(b)(1)(ii) requires a petitioner to plead and prove he: (1) did not know the fact(s) underlying his exception/petition; and (2) could not have learned those fact(s) earlier with the exercise of due diligence. *Commonwealth v. Shiloh*, 170 A.3d 553 (Pa.Super. 2017).

Instantly, the judgment of sentence became final on August 28, 2008, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court. *See* U.S.Sup.Ct.R.13 (providing 90 days to timely file petition for writ of *certiorari*). Appellant filed his current petition on March 11, 2019, which was patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant tried to invoke the "newly-discovered fact" exception by alleging that he recently discovered the legislature had "repealed" the IDSI statute at 18 Pa.C.S.A. § 3123(a)(6) (IDSI with complainant less than 13 years old) in 2003, three years **before** he entered his plea.[1] Subsection (6), however, was in effect when Appellant committed his offenses between April 30, 1999 and June 1, 2002. Moreover, the exercise of due diligence would have led Appellant to learn this alleged "newly-discovered fact" before his guilty plea.[2]

---

[1] The legislature did not actually repeal 18 Pa.C.S.A. § 3123. The legislature amended the statute, effective February 14, 2003, and deleted subsection (6).

[2] Appellant's reliance on *Commonwealth v. Burton*, 121 A.3d 1063 (Pa.Super. 2015) (*en banc*), *aff'd*, 638 Pa. 687, 158 A.3d 618 (2017), is misplaced because, "Under *Burton*, Pennsylvania courts shall no longer apply a public record presumption to *pro se* incarcerated PCRA petitioners; but, a *pro se* incarcerated petitioner is still required to **plead and prove** the facts grounding [his] claim were unknown to [him] and [he] could not have

***See Shiloh, supra***.  Thus, the court properly dismissed Appellant's petition as untimely.[3]

Order affirmed.

Judgment Entered.

*[signature: Joseph D. Seletyn]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/27/2019

---

discovered those facts sooner with the exercise of due diligence."  ***Shiloh, supra*** at 559 (emphasis in original).  Appellant's asserted "newly-discovered fact" was public information available when Appellant pled guilty and was represented by counsel.  Thus, ***Burton*** does not apply.

[3] Even if the PCRA court mistakenly applied the former 60-day rule instead of the amended one-year rule in Section 9545(b)(2), Appellant still failed to exercise due diligence.