J-S15034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN RAY MILLER | : | |
| | : | |
| Appellant | : | No. 1566 WDA 2019 |

Appeal from the PCRA Order Entered September 24, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000619-2012

BEFORE: BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 14, 2020**

Justin Ray Miller (Appellant) *pro se* appeals from the September 24, 2019, Order entered in the Court of Common Pleas of Fayette County, which dismissed Appellant's third petition filed pursuant to the Post Conviction Relief Act ("PCRA") without a hearing. We affirm.

In **Commonwealth v. Miller**, No. 1220 WDA 2018, 2019 WL 1873160 (Pa.Super. Apr. 26, 2019), we reviewed Appellant's *pro se* appeal from the PCRA court's Pa.R.Crim.P 907 notice of its intent to dismiss as untimely the same third PCRA petition now before us. Initially, we set forth the pertinent underlying procedural history of the case as follows:

> In 2012, Appellant was charged with one count each of possession with intent to deliver a controlled substance; possession of a controlled substance; and use or possession of drug paraphernalia. On February 4, 2013, Appellant entered a

---

[*] Former Justice specially assigned to the Superior Court.

negotiated guilty plea to the aforementioned charges. On March 25, 2013, Appellant was sentenced to three to six years of incarceration on the possession with intent to deliver conviction. No further penalty was imposed on the remaining counts. Appellant did not file a post-sentence motion or direct appeal. Appellant filed two PCRA petitions, both of which resulted in dismissal by the PCRA court and were not appealed.

On June 6, 2018, Appellant filed *pro se* the instant PCRA petition, his third. On August 7, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded on August 10, 2018, by filing a request for copies of his prior two PCRA petitions, but he did not otherwise address the PCRA court's notice of intent to dismiss. On August 22, 2018, Appellant filed the instant appeal.

***Id***., at *1.

As an initial matter, we considered whether we had jurisdiction where the PCRA court had not entered a final order dismissing Appellant's third PCRA petition, but, as noted, had only given notice of its intent to dismiss. Because, generally, an appeal may be taken only from a final order of court, **see** Pa.R.A.P. 341 (relating to final orders), and the Rule 907 notice appealed from was not a final order, we determined Appellant's appeal was premature.[1] Accordingly, we quashed the appeal.

This matter, therefore, returned to the PCRA court, where the court eventually entered its September 24, 2019, final order dismissing Appellant's PCRA petition pursuant to Rule 907. This *pro se* appeal followed.

---

[1] The PCRA court indicated in its statement in lieu of a Pa.R.A.P. 1925(a) opinion that the August 7, 2018 order was not "a final disposition subject to appeal."

Appellant alleges plea counsel rendered ineffective assistance by failing to raise an issue concerning an alleged discrepancy between the amount of heroin recorded in the criminal laboratory report and the amount of heroin in custody. However, before this Court may review Appellant's ineffectiveness claim on the merits, we must determine if we have jurisdiction to do so.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error." **Commonwealth v. Shiloh**, 170 A.3d 553, 556 (Pa.Super. 2017) (citation omitted). "The timeliness of a PCRA petition is a jurisdictional requisite." **Id**. at 557 (citation omitted). A petitioner must file any PCRA petition, including a second or subsequent petition, within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1).

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

Appellant's third petition, filed over five years after his judgment of sentence became final, is patently untimely, and he fails to invoke any exception to the PCRA time-bar. Instead, as noted, he argues only that plea counsel was ineffective. An ineffectiveness claim, however, is not an exception to the PCRA time-bar. **See Commonwealth v. Zeigler**, 148 A.3d

849, 853-54 (Pa.Super. 2016) (finding that a claim of plea counsel's ineffectiveness does not satisfy an exception to the PCRA time bar).

As Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions to his untimely third petition, we are without jurisdiction to consider the merits of this appeal. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2020