J-S45008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYON STOKES | : | |
| | : | |
| Appellant | : | No. 306 EDA 2020 |

Appeal from the PCRA Order Entered November 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006083-2009

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 02, 2020**

Tyon Stokes appeals from the order that dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We vacate the order and remand for the appointment of counsel and a hearing.

Given our disposition, we offer only a brief recitation of the history of the case. In 2012, Appellant was sentenced to life imprisonment after a jury convicted him of the 2003 murder of Phillip "Diesel" Sheridan in a dispute over drug territory. Neither his direct appeal nor his first PCRA petition afforded him any relief. **See Commonwealth v. Stokes**, 100 A.3d 296 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 99 A.3d 925 (Pa. 2014). **See also Commonwealth v. Stokes**, 175 A.3d 1062 (Pa.Super. 2017) (unpublished memorandum).

Appellant filed the facially-untimely[1] *pro se* PCRA petition at issue in the instant appeal on March 18, 2019. Therein, he claimed that on December 28, 2018, he learned through a mutual acquaintance that Darrian Deans had witnessed the killing of Diesel and was certain that Appellant was not the murderer. **See** PCRA Petition, 3/18/19, at 8. He attached the affidavit of Mr. Deans, as well as that of the mutual acquaintance, and asserted that his testimony supported an after-discovered evidence claim. **Id**. at 3, 7, 12 (citing 42 Pa.C.S. § 9543(a)(2)). **See also id**. at Exhibits A and B. Appellant further alleged that the petition was subject to the newly-discovered-facts timeliness exception because the existence of Mr. Deans and his knowledge of the incident was previously unknown to Appellant and could not have been discovered earlier with the exercise of due diligence. **Id**. at 2-3, 7-8 (citing 42 Pa.C.S. § 9545(b)(1)(ii)).

The Commonwealth filed a response to the petition indicating that it did not object to the PCRA court granting a hearing on the issue. Commonwealth's Letter Response, 10/2/19. However, the PCRA court on October 4, 2019, issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 because it was untimely and no timeliness exception applied. **See** Notice of Intent to Dismiss, 10/4/19, at 1. Appellant

---

[1] Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final. **See** 42 Pa.C.S. § 9545(b)(1).

filed a timely response reiterating that he had invoked § 9545(b)(1)(ii), and, noting that the PCRA court had not explained the reason for its conclusion that the timeliness exception had not been satisfied, renewed his request for an evidentiary hearing. **See** Objection to Notice of Intent to Dismiss, 10/16/19, at 2-3. Nonetheless, the PCRA court dismissed Appellant's petition without a hearing by order of November 4, 2019.

Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. In particular, Appellant maintained that the PCRA court erred in dismissing his petition without a hearing given his allegations concerning his discovery of the new evidence provided by Mr. Deans. **See** Pa.R.A.P. 1925(b) Statement, 1/17/20. He reiterates his arguments in his brief, contending that he sufficiently pled and offered to prove the newly-discovered facts timeliness exception.[2] **See** Appellant's brief at 18-19.

The PCRA court, in its Rule 1925 opinion, agreed with Appellant. The court explained that it had errantly applied a prior version of the § 9545(b) which required that a claim based upon a newly-discovered fact be filed within

---

[2] Appellant also argues the merits of his substantive after-discovered evidence claim. **See** Appellant's brief at 20-26. However, the substantive claim is distinct from the timeliness exception. Appellant must first satisfy his burden of proving that he has satisfied all the requirements of the timeliness exception before this Court or any court has jurisdiction to entertain the merits of the substantive claim. **See Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (discussing the distinct requirements of the timeliness exception and the substantive after-discovered evidence claim).

sixty days of the date that the claim could have been presented, rather than the version applicable beginning on December 24, 2018, which changed the deadline from sixty days to one year. *See* PCRA Court Opinion, 2/28/20, at 5. Accordingly, the PCRA court acknowledged that it improperly dismissed the petition, and requests that we remand for Mr. Deans to testify at a hearing.[3] *Id*.

We agree with Appellant and the PCRA court that Appellant has pled and offered to prove sufficient facts to warrant a hearing to determine whether the facts upon which his claim was based were previously unknown to him and could not have been discovered earlier through the exercise of due diligence,

---

[3] For its part, the Commonwealth does not go so far as to concede that a hearing is necessary, although its response to the petition affirmatively indicated its lack of objection to a hearing. Rather, it merely expresses a lack of opposition to a remand, and opines that:

> on remand, the lower court should determine whether defendant's proffered evidence otherwise satisfied all the requirements to establish the exception for discovery of new facts that could not have been discovered earlier with the exercise of due diligence. It will simply need to make that determination while applying the applicable one-year rather than the superseded sixty-day period.

Commonwealth's brief at 8 n.1. Since Appellant has pled that neither he nor the Commonwealth had any knowledge of the fact that Mr. Deans witnessed the shooting, let alone that he could describe the murderer's appearance and affirmatively represent that it was not Appellant, we agree with the PCRA court that a hearing is warranted to ascertain the truth of Appellant's assertions. If the PCRA court concludes after hearing from the witnesses that Appellant has satisfied the timeliness exception, it may then proceed to take evidence upon substantive after-discovered evidence claim and decide whether it merits relief.

and whether Appellant filed his petition within one year of when he could have presented the claim. **Accord Commonwealth v. Shiloh**, 170 A.3d 553, 560 (Pa.Super. 2017) (remanding for a hearing to determine the veracity of the allegations concerning the petitioner's discovery of new facts and whether the petitioner could have discovered them sooner with the exercise of due diligence). Therefore, we vacate the order dismissing Appellant's petition as untimely without a hearing, and remand for the PCRA court for a hearing on the timeliness of Appellant's petition and, if warranted by the PCRA court's timeliness findings, on the substance of Appellant's after-discovered evidence claim.

Moreover, the Pennsylvania Rules of Criminal Procedure provide that when an unrepresented, indigent establishes entitlement to a hearing, "the judge shall appoint counsel to represent the defendant." Pa.R.Crim.P. 904(D). Upon remand, the PCRA court shall ascertain whether Appellant's financial circumstances entitle him to appointed counsel to represent him at the hearing and related proceedings.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/20