J-S43004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGUS A. GARRISON | : | |
| | : | |
| Appellant | : | No. 535 MDA 2023 |

Appeal from the PCRA Order Entered March 30, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000110-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGUS ALPHONSO GARRISON | : | |
| | : | |
| Appellant | : | No. 536 MDA 2023 |

Appeal from the PCRA Order Entered March 30, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000598-2019

BEFORE:   McLAUGHLIN, J., KING, J., and COLINS, J.*

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: FEBRUARY 8, 2024**

Angus Alphonso Garrison appeals from the order dismissing his Post

Conviction Relief Act ("PCRA") petition as untimely. **See** 42 Pa.C.S.A. §§ 9541-

9546. We affirm.

---

* Retired Senior Judge assigned to the Superior Court.

In August 2019, Garrison pleaded guilty to charges at two dockets: robbery and defiant trespass at one docket, and robbery – serious bodily injury at the other.[1] At the plea hearing, Garrison acknowledged that he was currently on state parole and the court informed him that his convictions "could be grounds to revoke any probation or parole" that he had. N.T., Guilty Plea Hearing, 8/28/19, at 3. The court imposed a sentence of 12 to 24 months of incarceration for robbery and 12 months' reporting probation for defiant trespass. It also imposed a term of 90 to 180 months of incarceration for robbery – serious bodily injury. The court ran the sentences "concurrent with each other and any other sentence [Garrison] might be serving." N.T., Sentencing, 11/12/19, at 5. Garrison filed a post-sentence motion, which the trial court denied on February 20, 2020. *See* Order Denying Motion for Reconsideration of Sentence, filed 2/20/20. Garrison did not file a direct appeal.

On October 24, 2022, Garrison filed the instant PCRA petition. The PCRA court appointed counsel who filed a supplemental PCRA petition. The petition asserted the new facts exception to the time-bar. *See* Supplemental PCRA Petition, filed 1/23/23, at ¶ 16; 42 Pa.C.S.A. § 9545(b)(1)(ii). Garrison alleged that in July 2022, he learned "that the time he was serving was no longer counting towards his sentences in these cases and was instead going towards his state parole backtime." Supplemental PCRA Petition at ¶ 17. Garrison also

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(v), 3503(b)(1)(i), and 3701(a)(1)(i), respectively.

alleged that his sentence was illegal because the court imposed a sentence concurrent to his parole violation. *See id.* at ¶¶ 22-26. Additionally, Garrison claimed ineffective assistance of plea counsel because "counsel never informed [Garrison] that a conviction would result in a parole violation and that any sentence [Garrison] received from the [c]ourt could not be run concurrently to that parole violation." *Id.* at ¶ 36. The court held an evidentiary hearing on the petition.

Plea counsel testified that he did not tell Garrison that there was an agreement for his sentences to run concurrently but that "it would be best . . . to plead both of the cases together." N.T., PCRA Hearing, 3/30/23, at 15. He also testified that he told Garrison that it was up to the parole board regarding any violations that would follow because of his plea. *Id.* at 16.

Garrison testified that he did not speak with plea counsel about any sentence he would receive for a state parole violation. *Id.* at 5. He testified that if he had known that his sentence for his parole violation could not be served concurrently with the sentence the court imposed, he would not have pleaded guilty. *Id.* Garrison testified that around July 2022, he learned that his parole violation sentence and plea sentence were not concurrent. *Id.* He testified that he became aware of this after he requested a time sheet from his parole officer. *Id.* at 6, 7. He explained that he could have asked for a time sheet at any time and that he did not ask for the sheet earlier because he "had no reason to ask" and "was under the impression that my time was being run concurrent with each other." *Id.* at 7, 13. After receiving his time

sheet, Garrison sent a letter to plea counsel, as well as the District Attorney, the trial court, and the Public Defender's office. *Id.* at 6.

The PCRA court ruled that the petition was untimely and that Garrison did not plead and prove any time-bar exception. *Id.* at 22. The court dismissed the petition and this timely appeal followed.

Garrison raises one issue for our review: "Whether the instant Petition for Post Conviction Collateral Relief while filed untimely, fits within one of the [e]xceptions set forth in 42 Pa.C.S.A. § 9545 et. seq." Garrison's Br. at 1.

"When reviewing the denial of a PCRA petition, this Court's standard of review is limited 'to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error.'" *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018)).

We must address the timeliness of Garrison's petition before considering the merits of the petition because the PCRA's time limits are jurisdictional in nature. *See Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super. 2015). To be timely, a PCRA petition must be filed within one year after the judgment of sentence becomes final unless an exception applies. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is "final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

A petitioner who files an untimely petition must plead and prove at least one of the time-bar exceptions. These exceptions include governmental interference, newly discovered facts, and a newly recognized constitutional right that applies retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner claiming the new facts exception must plead and prove that "the facts upon which the claim is predicated were unknown" and "could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence "does not require 'perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief.'" **Commonwealth v. Brensinger**, 218 A.3d 440, 449 (Pa.Super. 2019) (*en banc*) (quoting **Commonwealth v. Shiloh**, 170 A.3d 553, 558 (Pa.Super. 2017)). Any petition raising a time-bar exception must "be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. § 9545(b)(2).

Here, Garrison's judgment of sentence became final on March 23, 2020, when his time to file an appeal with this Court expired. Thus, the one-year deadline was March 23, 2021. Garrison did not file the instant petition until October 24, 2022. It was therefore untimely unless an exception applied.

Garrison's claim to the new facts exception fails because he did not prove due diligence. Garrison waited more than two and a half years into his time in prison before asking for a time sheet, when, according to his own testimony, he could have obtained one at any time. His argument that he

- 5 -

could not have learned that his parole sentence ran concurrently with his plea sentence "earlier by exercise of due diligence, because he had no reason to make inquiry" thus lacks merit. **See** Garrison's Br. at 8. That statement does not explain why he could not have reasonably ascertained the information earlier. Therefore, the PCRA court properly dismissed Garrison's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/08/2024