J-S70045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY BATES | : | |
| | : | |
| Appellant | : | No. 1148 EDA 2018 |

Appeal from the PCRA Order March 19, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0001532-1976

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:           **FILED DECEMBER 21, 2018**

Appellant, Gary Bates, appeals from the order entered in the Chester County Court of Common Pleas, which dismissed his serial *pro se* petition brought pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On March 17, 1977, a jury convicted Appellant of first-degree murder, robbery, burglary, conspiracy, and several weapons offenses.  The court sentenced Appellant on March 21, 1979, to life imprisonment without parole.  Our Supreme Court affirmed on May 5, 1981.  On May 28, 1982, Appellant filed his first petition for post-conviction relief, which the court denied on October 26, 1984.  This Court affirmed on November 16, 1989, and our Supreme Court denied allowance of appeal on May 21, 1990. Subsequently, Appellant unsuccessfully litigated six more PCRA petitions. Appellant filed the current *pro se* serial PCRA petition on November 17, 2017.

The PCRA court issued Rule 907 notice on February 8, 2018; Appellant filed a *pro se* response on March 12, 2018. The PCRA court dismissed Appellant's PCRA petition as untimely on March 20, 2018. Appellant timely filed a *pro se* notice of appeal on April 16, 2018. The PCRA court ordered Appellant on April 20, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant failed to comply.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review, including discretionary review in the U.S. Supreme Court and the Pennsylvania Supreme Court, or upon expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2). The newly-discovered facts exception at Section 9545(b)(1)(ii) requires a petitioner to plead and prove he: (1) did not know the facts underlying his petition; and (2) could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Shiloh***, 170 A.3d 553 (Pa.Super. 2017). Generally, Pennsylvania courts presume that information

of public record is not "unknown" for purposes of the Section 9545(b)(1)(ii) exception. ***Commonwealth v. Chester***, 586 Pa. 468, 895 A.2d 520 (2006). Pennsylvania courts, however, do not apply the public record presumption to *pro se* incarcerated PCRA petitioners; but, a *pro se* incarcerated petitioner is still required to **plead and prove** the petitioner's due diligence. ***Commonwealth v. Burton***, 121 A.3d 1063 (Pa.Super. 2015) (*en banc*), *aff'd*, 638 Pa. 687, 158 A.3d 618 (2017); ***Shiloh, supra*** at 559.

Instantly, the judgment of sentence became final on Monday, July 6, 1981, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court. ***See*** U.S.Sup.Ct.R. 20 (effective 6/30/80 to 7/31/84; providing 60 days to file petition for writ of *certiorari* with U.S. Supreme Court). Appellant filed the current petition on November 17, 2017, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "newly-discovered fact" exception by asserting a Commonwealth's trial witness falsely testified she had not received a plea deal in exchange for her trial testimony implicating Appellant in the underlying offenses, and the Commonwealth failed to disclose the existence of that plea deal. Appellant, however, failed to state how and when he purportedly learned of this witness' alleged plea deal or to present any support for his claim that the witness had taken a plea deal. Therefore, Appellant failed to satisfy the sixty-day rule or prove he exercised due diligence to discover the witness had a plea deal. ***See Burton, supra***; 42 Pa.C.S.A. § 9545(b)(1-2). Additionally, Appellant cannot

satisfy the sixty-day rule simply by citing to numerous cases like **Shiloh, supra**, which addressed a similar PCRA claim. **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011) (stating judicial determinations are not "facts" within meaning of Section 9545(b)(1)(ii)). Therefore, Appellant's current petition remains time-barred, and the PCRA court lacked jurisdiction to review it on the merits. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/18