J-S48037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| SHELTON ALFORD, | : | |
| Appellant | : | No. 307 EDA 2019 |

Appeal from the PCRA Order Entered January 10, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0316762-1988

BEFORE:   BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:              **FILED OCTOBER 16, 2019**

Shelton Alford (Appellant) appeals *pro se* from the order entered January 10, 2019, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

In February 1989, Appellant and co-defendant, Malcolm Medley, were tried by a jury in connection with "a shooting barrage at Abbotsford housing project in Philadelphia, killing Derval Hughes and injuring two others." PCRA Court Opinion, 3/29/2019, at 1.  The jury convicted Appellant of first-degree murder and related offenses, and on May 31, 1989, he was sentenced to an aggregate term of life imprisonment.[1]  On August 14, 1990, this Court

_____

[1] Medley was also convicted of first-degree murder and sentenced to life in prison.

* Retired Senior Judge assigned to the Superior Court.

affirmed Appellant's judgment of sentence, and he did not file a petition for allowance of appeal to our Supreme Court. **Commonwealth v. Alford**, 581 A.2d 968 (Pa. Super. 1990) (unpublished memorandum).

Appellant sought PCRA relief in 1997,[2] 2001, and 2012. He was denied relief each time. Appellant filed a PCRA petition on March 22, 2016 (2016 Petition). In that petition, Appellant invoked the newly-recognized-retroactive-right exception to the PCRA time bar set forth in 42 Pa.C.S. § 9545(b)(1)(iii), asserting that he was entitled to relief under the United States Supreme Court's holdings in **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016).[3] The PCRA court took no action on the 2016 Petition.

On July 6, 2018, Appellant filed what he entitled an amended PCRA petition, wherein he asserted that he had obtained newly-discovered facts to satisfy the PCRA time bar (2018 Petition).[4] In his memorandum of law in

---

[2] Appellant was represented by counsel for this PCRA petition.

[3] In **Miller**, the United States Supreme Court held that a mandatory sentence of life imprisonment without the possibility of parole is unconstitutionally cruel and unusual punishment when imposed upon defendants convicted of murder who were under the age of 18 at the time they committed their crimes. In **Montgomery**, the United States Supreme Court held that **Miller** applies retroactively to cases on state collateral review. We note that Appellant was 20 years old when he committed these crimes.

[4] We recognize that Appellant did not seek and obtain leave to file the 2018 petition in violation of Pa.R.Crim.P. 905(A) ("The judge may grant leave to amend or withdraw a [PCRA petition] at any time. Amendment shall be freely

support of the petition, Appellant set forth the following explanation of the

events leading up to his arrest and what occurred at trial.

> On December 11, 1987 at the Abbottsford housing project, there was a crowd of guys standing in a group. Two people approached the group and opened fire hitting [three] people and fatally shooting another. The shots were motivated from an argument which occurred earlier that evening over the sale of drugs.
>
> About two weeks later, co-defendants, [Appellant] and [] Medley, [were] riding in Medley's car and [were] pulled over by police for investigational purposes. Both [] were transported to police headquarters in a police wagon. [Both] gave statements to the detectives. Medley's statement gave an alibi saying at the time of the shooting he was at a hotel party with his girlfriend (Ivy Shelby), [Appellant's] girlfriend (Sherelle Wood)[,] and Pamela Hooks. [Appellant] gave a statement stating he was at home until 11 or 12 that evening. He then went to a friend's house. He remained there for the rest of the night. After giving both statements, [both men] were released. []
>
> All three females were brought to the police station to give statements. They gave statements confirming Medley's alibi. Nothing incriminating was said regarding [Appellant]. About 6 weeks later all three [females] went back to police headquarters giving a second statement saying they lied the first time[, by saying Medley was with them.] Also they stated [Appellant] made up the false alibi and both [Appellant and Medley] told them about the shooting and what it was over. Hours later warrants were issued. [Appellant and Medley were] arrested for the crime.
>
> At trial [] Wood testified saying [Appellant] had a part in making up the false alibi…. Both Wood and Shelby testified that

_____

allowed to achieve substantial justice."). However, because the PCRA court had not yet taken action on the 2016 Petition, the PCRA court was permitted to consider the 2016 Petition and the 2018 Petition simultaneously. **See Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) ("PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final.").

they came forward the second time on their own. [] Hooks never testified at trial.

Memorandum of Law, 9/28/2018, at 1 (unnumbered).

In the 2018 Petition, Appellant attached a letter from Thelma Ringgold, Wood's mother. Ringgold was a new police officer in 1987 and is now retired. According to the letter, the lead detective on the case asked Ringgold to arrange to have Wood interviewed. Then, Ringgold "insisted and forced [Wood] to go to [the] Homicide Division and give a statement. A better decision would have been for [Wood] to be accompanied with an attorney." PCRA Petition, 7/6/2018, at Exhibit A. According to Appellant, he was completely unaware of this information until he received the letter from Ringgold in June of 2018.

On September 25, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petitions without a hearing pursuant to Pa.R.Crim.P. 907. Relevant to this appeal, the PCRA court concluded that the 2018 letter from Ringgold did not satisfy the newly-discovered facts exception to the jurisdictional time bar of the PCRA.

Appellant responded to the notice, asserting that the letter reveals that "the Commonwealth knowing[ly] used perjured testimony to obtain a conviction." Response to 907 Notice, 10/10/2018, at 1 (unnumbered). According to Appellant, the letter reveals that Wood "fabricate[d] a version of her testimony based upon the coercive efforts of her mother and homicide

- 4 -

detectives, which was unknown to [Appellant] until" he received the letter on June 25, 2018. *Id*. at 2.

On January 10, 2019, the PCRA court dismissed the petitions as untimely filed, concluding they did not satisfy any exceptions to the PCRA time bar. Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and filed an opinion on March 29, 2019.

On appeal, Appellant contends the PCRA court erred in dismissing the 2018 Petition as untimely filed.[5] Appellant's Brief at 11. "The question of whether a [PCRA] petition is timely [filed] raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review [is] plenary." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016).

Because Appellant's judgment of sentence became final in 1990, his petition is facially untimely.[6] In the 2018 Petition, Appellant attempted to

---

[5] Appellant has abandoned claims related to the 2016 Petition. ***See also Commonwealth v. Lee***, 206 A.3d 1 (Pa. Super. 2019) (*en banc*) (holding ***Miller*** does not apply to those who were age 18 or older when they committed their crimes).

[6] Appellant's judgment of sentence became final after the expiration of time for filing a petition for allowance of appeal to our Supreme Court after this Court affirmed his judgment of sentence on direct appeal. ***See*** Pa.R.A.P. 1113 (requiring petition for allowance of appeal to be filed within 30 days after entry of the order from the Superior Court); 42 Pa.C.S. § 9545(b)(3) ("For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of

plead and prove the newly-discovered facts exception. That exception provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

> The newly[-]discovered fact exception has two components, which must be alleged and proved. The petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. Due diligence requires the petitioner take reasonable steps to protect his own interests.
>
> However, [due diligence] does not require perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief. As such, the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence.

---

direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Thus, both Appellant's PCRA petitions were facially untimely, and he was required to plead and prove an exception to the timeliness requirement.

*Commonwealth v. Brensinger*, ___ A.3d ___, 2019 WL 4134163 at *3-4 (Pa. Super. 2019) (*en banc*) (internal citations and quotation marks omitted). Furthermore, Appellant had to file his petition within 60 days "of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[7]

Instantly, the PCRA court concluded that Ringgold's letter was not a newly-discovered fact because it was "silent regarding the substance and veracity of Wood's statement" to police. PCRA Court Opinion, 3/29/2019, at 3. In addition, the PCRA court concluded that "because [Appellant] would have been aware that Wood's statement and subsequent testimony were false since the trial, he failed to demonstrate the circumstances of Wood's [alleged] fabrication were previously unascertainable with the exercise of due diligence." *Id*.

On appeal, Appellant argues that he acted with due diligence because "Wood and the Commonwealth withheld [the information contained in the letter] at trial so [A]ppellant had no reason to question [Wood] about it." Appellant's Brief at 14 (unnumbered). It is Appellant's position that he filed the PCRA petition as soon as he received the letter.

_____

[7] This statute was amended, effective December 24, 2018, to provide that claims arising after December 24, 2017, were permitted to be filed within one year, rather than 60 days, of the date the claim could have been presented. Appellant filed the PCRA petition containing the letter at issue in 2018; thus, arguably, the amendment applies. However, based on our discussion *infra*, Appellant is not entitled to relief.

Even assuming *arguendo* this letter indeed contained facts upon which the claim is predicated that were previously unknown to Appellant, we agree with the PCRA court that Appellant failed to act with due diligence to discover the information. Appellant has been aware, at least since trial, that Wood initially gave one statement to police, then went back a second time to police where she provided a different statement. To the extent Appellant believed her motivations were suspect, it was his burden to investigate that issue. In addition, Wood was Appellant's girlfriend at the time of the shootings, and thus, it was possible that Appellant even knew that Wood's mother was a member of the police force. As we have stated, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." **Brensinger**, **supra**. Other than baldly claiming police withheld the information that Ringgold had a hand in encouraging her daughter to speak to police,[8] Appellant has set forth no details regarding the efforts he made since his conviction to delve into this matter further. **See Commonwealth v. Shiloh**, 170 A.3d 553, 558 (Pa. Super. 2017) ("A petitioner must explain why [he or] she could not have learned the new fact earlier with the exercise of due diligence."). Accordingly, even if these facts were indeed new, as Appellant suggests, he has not established that he acted with due diligence in obtaining them.

_____

[8] Notably, the letter is silent as to whether Ringgold encouraged her daughter the first time to speak to police, the second time to speak to police, or both.

Based on the foregoing, we agree with the PCRA court that Appellant has not satisfied the newly-discovered facts exception to the PCRA's jurisdictional time bar. Thus, his petition was untimely filed, and we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/19