J-S38028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER SAWYER | : | |
| | : | |
| Appellant | : | No. 287 MDA 2020 |

Appeal from the PCRA Order Entered February 13, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004317-2013

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: NOVEMBER 6, 2020**

Walter Sawyer appeals the order denying his petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Sawyer alleges that he is entitled to relief due to the alleged recantation of the victim. We affirm.

We have previously summarized the underlying facts as follows:

> On December 15, 2012, a sixteen-year-old girl, B.B., was traveling by bus from Indianapolis to Hazleton. During a stop in Harrisburg, B.B. left the bus station to smoke a cigarette. Sawyer approached B.B. and started a conversation. B.B. told Sawyer that she was hungry, and Sawyer offered to drive B.B. to a gas station so that she could buy food. B.B. accepted the offer and entered Sawyer's vehicle.
>
> Sawyer subsequently drove B.B. to a secluded parking lot under a nearby bridge. Sawyer told B.B. to have sex with him, or else he would not drive her back to the station in

_____

[*] Former Justice specially assigned to the Superior Court.

time for her to catch the bus to Hazleton. As Sawyer began to pull down B.B.'s pants, State Capitol Police Sergeant Michael Schmidt, who was on routine patrol at the time, arrived at the scene. Sawyer provided the birth certificate and Social Security card of another individual as his own identification.

A jury convicted Sawyer of kidnapping, unlawful contact with a minor, and false identification. Prior to sentencing, the Commonwealth provided notice of its intent to seek a mandatory minimum sentence under the "three strikes" provision of 42 Pa.C.S.A. § 9714(a)(2). Thereafter, the trial court imposed an aggregate sentence of 25 to 50 years' imprisonment, consisting of 25 to 50 years' imprisonment for kidnapping, 5 to 10 years' concurrent imprisonment for unlawful contact with a minor, and 1 to 2 years' concurrent imprisonment for false identification. The court imposed the kidnapping conviction pursuant to § 9714(a)(2).

Sawyer timely filed counseled post-sentence motions, arguing that the court imposed an illegal sentence above the statutory maximum for the false identification conviction. Sawyer also claimed the verdict was against the weight of the evidence. Before the court ruled on the counseled post-sentence motions, Sawyer filed a request to proceed *pro se*. The court conducted a hearing, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Following the hearing, the court determined that Sawyer's waiver of counsel was knowing, voluntary, and intelligent, and it permitted trial counsel to withdraw. On the same day of the **Grazier** hearing, the court issued an amended sentencing order, modifying Sawyer's sentence for the false identification conviction to 6 to 12 months' imprisonment. The court did not alter Sawyer's remaining sentences, and it did not rule on the weight claim from the counseled post-sentence motions.

Thereafter, Sawyer filed a *pro se* amendment to his counseled post-sentence motions. In the *pro se* amendment, Sawyer included claims regarding subject matter jurisdiction, due process violations, defects in the pretrial proceedings and charging instruments, Rule 600, the legality of the mandatory minimum sentence, and the sufficiency of the evidence supporting the convictions. The court subsequently granted Sawyer's post-sentence

motions in part. Specifically, the court determined that Sawyer had not committed two prior crimes of violence to support the imposition of a "third strike" sentence under § 9714(a)(2); instead, Sawyer had committed only one prior crime of violence. Thus, the court vacated Sawyer's sentence for kidnapping and resentenced him to a mandatory term of 120 months' imprisonment, pursuant to § 9714(a)(1). The court did not alter Sawyer's remaining sentences, and it denied relief on all other claims raised in the counseled and *pro se* post-sentence motions.

Sawyer subsequently filed a timely direct appeal. In his appeal, Sawyer included claims regarding weight of the evidence, subject matter jurisdiction, due process violations, Rule 600, defects in the pretrial proceedings and charging instruments, and the legality of the mandatory minimum sentence imposed pursuant to § 9714(a)(1). This Court, in its memorandum decision at *Commonwealth v. Sawyer*, [121 A.3d 1138,] 1530 MDA 2014, at 13-14 (Pa. Super. filed April 22, 2015) (unpublished memorandum), affirmed the convictions, but vacated the judgment of sentence based on the fact that it was illegal, since the maximum sentence of 140 months did not equal twice the minimum sentence of 120 months, and remanded for resentencing. Sawyer subsequently filed a motion for reconsideration, which this Court denied. Thereafter, pursuant to this Court's directive, the trial court resentenced Sawyer to 120 to 240 months' imprisonment.

*Commonwealth v. Sawyer*, 154 A.3d 861, No. 1981 MDA 2015 (Pa.Super. filed July 19, 2016) (unpublished memorandum at *1–2) (footnote omitted).

Sawyer filed a direct appeal following the trial court's resentencing which this Court denied in July 2016. *See id*. Our Supreme Court denied Sawyer's petition for allowance of appeal in December 2016. *See Commonwealth v. Sawyer*, 164 A.3d 477, No. 607 MAL 2016 (Pa. filed December 28, 2016). Sawyer filed his first timely PCRA petition with court-appointed counsel in April 2017, which the PCRA court denied in February 2018. This Court affirmed the

denial of Sawyer's first PCRA petition. **Commonwealth v. Sawyer**, 200 A.3d 569, No. 433 MDA 2018 (Pa.Super. filed October 16, 2018) (unpublished memorandum).

Thereafter, Sawyer's family hired a private investigation firm to interview the victim. On March 26, 2019, an investigator interviewed the victim who was in prison at that time. In his report, the investigator represented that the victim had told him that she was unaware that Sawyer was in prison for attempted kidnapping but instead thought he had only been convicted of attempted rape. **See** Shinkowsky Investigation's Report, dated May 2, 2019. Further, the victim stated that Sawyer had attempted to unbutton her pants in the backseat of the car but that she had told him "no" and that nothing sexual had transpired prior to the arrival by the police. **Id.** The victim also averred that she did not know that Sawyer had a box cutter in the car until being told by police after the incident. **Id.** Finally, the victim admitted that she had done lots of drugs and that her parents had encouraged her to cooperate with police. **Id.**

Sawyer filed the instant pro se PCRA petition in May 2019, and a counseled supplemental petition on September 16, 2019, upon which he attached the investigator's report. The court, on December 30, 2019, filed an opinion and Pa.R.Crim.P. 907 notice of intent to dismiss Sawyer's petition. The PCRA court ultimately dismissed the petition on January 21, 2020, and the instant appeal followed. The PCRA court ordered Sawyer to file a Pa.R.A.P. 1925(b) statement, which Sawyer's appointed counsel admitted that he had

failed to do in a motion to reinstate Sawyer's appellate rights *nunc pro tunc*. The PCRA court granted Sawyer's motion and considered his Rule 1925(b) statement filed as of March 17, 2020. The PCRA court filed a responsive Rule 1925(a) opinion on April 14, 2020, which incorporated its December 30, 2019 opinion.

Sawyer raises a single issue for our review: "Did the PCRA court err by finding, without an evidentiary hearing, that the victim did not recant her trial testimony and that the statement would not compel a different trial outcome?" Sawyer's Br. at 7.

As a prefatory matter, we must determine if Sawyer's petition was timely, as timeliness is a jurisdictional prerequisite. A PCRA petition is timely if filed within one year after the date the judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Hart**, 199 A.3d 475, 480 (Pa.Super. 2018). Sawyer's conviction became final in March 2017, 90 days after the Pennsylvania Supreme Court denied discretionary review, at which point the deadline for filing a petition for writ of *certiorari* in the Supreme Court of the United States expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13(1).

Thus, Sawyer had until March 2018 to file a timely petition. Sawyer conceded in his supplemental PCRA petition that his instant petition, initially filed in May 2019, is facially untimely. Therefore, the PCRA court lacked jurisdiction unless Sawyer pleaded and proved that one of the statutory exceptions to the PCRA's one year time-bar applied. The exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must raise an exception to the PCRA's time bar within one year of the date the petitioner could have first raised it. 42 Pa.C.S.A. § 9545(b)(2).

Here, Sawyer conceded in his supplemental PCRA petition that the instant petition was facially untimely, and attempted to plead the "new facts" exception. To invoke this exception, a petitioner must plead and prove that: 1) a fact giving rise to the petitioner's substantive PCRA claim was unknown to him, and 2) the petitioner could not have ascertained the fact earlier by the exercise of due diligence. **Commonwealth v. Shiloh**, 170 A.3d 553, 558 (Pa.Super. 2017). "[T]he focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted).

In the case *sub judice*, Sawyer asserts that the victim's statements to the investigator constituted a recantation of her trial testimony. Specifically,

- 6 -

Sawyer points out that the victim admitted to the investigator that she did not know Sawyer had been convicted of attempted kidnapping, "nothing sexual" had happened with Sawyer before police arrived, and that she did not know Sawyer had a box cutter until police told her after the incident. Sawyer also points out that the victim told the investigator she has "done a lot of drugs" and that her parents pressured her to cooperate with police. Sawyer contends that he only learned this information after the investigator interviewed the victim, six years after the criminal episode.

However, Sawyer fails to allege any reason he could not have obtained this information from the victim at the time of trial. Indeed, he offers no explanation regarding why he waited until approximately six years after the incident and four years after his trial to pursue this information. Therefore, Sawyer failed to plead sufficiently the new facts exception because he did not plead any reason that he could not have ascertained this information earlier through due diligence. *See Shiloh*, 170 A.3d at 558; *Brown*, 111 A.3d at 176.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/06/2020