J-S13042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENNIE ANDERSON | : | |
| | : | |
| Appellant | : | No. 2075 EDA 2020 |

Appeal from the PCRA Order Entered October 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0405961-1979

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: June 10, 2021

Bennie Anderson (Anderson) appeals *pro se* from the order entered in

the Court of Common Pleas of Philadelphia County (PCRA court) dismissing

his seventh petition filed pursuant to the Post-Conviction Relief Act (PCRA),

42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

## I.

## A.

The relevant facts and procedural history of this case are as follows.  On

February 25, 1979, at 3:10 a.m., Anderson and two other males arrived at a

residence that operated a speakeasy on West Diamond Street in Philadelphia.

Lorraine Rambert (L. Rambert) ran the speakeasy from the second floor of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

residence and she was present at the time, along with several of her family members and John Farrell (Farrell).

Farrell answered the door and let Anderson and his cohorts inside. Anderson then grabbed Farrell around the neck and pressed a gun against his back. Anderson's co-conspirator warned everyone present at the speakeasy not to move and he took L. Rambert's purse. Anderson, still holding Farrell around the neck, followed his co-conspirator up the stairway towards the third floor. Two gunshots were fired and Farrell fell down the stairs, fatally wounded. One of the witnesses observed Anderson fire his weapon and saw a flash from the gun held by his co-conspirator at the top of the stairs. Anderson was injured by one of the discharges and he stumbled down the stairs and into the street, where he received prompt medical assistance.

**B.**

At Anderson's October 1979 jury trial, he testified that he was an innocent bystander to the shooting and that he went to the residence only to purchase marijuana. Once inside the speakeasy, he was caught off-guard by the robbery and shooting. The jury convicted Anderson of second-degree murder,[1] robbery, criminal conspiracy and possession of an instrument of a crime. On August 20, 1980, the trial court sentenced Anderson to an

_____

[1] Second degree murder is a criminal homicide committed while the defendant was engaged as a principal or as an accomplice in the perpetration of a felony. *See* 18 Pa.C.S. § 2502(b).

aggregate term of life imprisonment. On May 27, 1983, our Supreme Court affirmed Anderson's judgment of sentence. (*See Commonwealth v. Anderson*, 461 A.2d 208 (Pa. 1983)).[2]

Anderson thereafter litigated several PCRA petitions. Anderson filed the instant petition, his seventh, on July 11, 2014, and titled it a writ of *habeas corpus*. Anderson claims that a new witness, Allecea Rambert (A. Rambert) has information exculpating him from the robbery/murder and establishes that he was an innocent bystander at the speakeasy. A. Rambert was seven years old at the time of the incident and she claims her uncle, Marvin Lewis (Lewis), was the shooter.

The PCRA court issued notice of its intent to dismiss the petition on August 4, 2020,[3] and entered its order dismissing it as untimely on October 6, 2020. The court explained that because Anderson's claims are cognizable under the PCRA, his petition must be treated as a PCRA petition subject to the statutory timeliness requirements. (*See* PCRA Court Opinion, 10/06/20, at 1). The court noted that Anderson failed to specify how he came to learn of the purported new information and observed that whether Anderson was the

---

[2] The Court had jurisdiction over Anderson's direct appeal pursuant to a statutory provision then in effect, 42 Pa.C.S. § 722(1).

[3] *See* Pa.R.Crim.P. 907(1).

actual shooter was irrelevant, given that he was convicted of felony murder based on accomplice liability. (*See id.* at 2). Anderson timely appealed.

## II.

## A.

On appeal, Anderson contends the PCRA court erred in treating his writ of *habeas corpus* as a PCRA petition. Anderson argues his *habeas corpus* petition presented new information establishing that he was neither the shooter nor a co-conspirator to the robbery/murder. Anderson maintains that the statement of purported eyewitness A. Rambert shows that her uncle instead perpetrated the crime.

## B.

We first address the court's treatment of Anderson's filing as a PCRA petition. It is well-settled that the PCRA is intended to be the sole means of obtaining post-conviction relief. *See* 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]") Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and a petitioner cannot circumvent its time-bar by titling his petition or motion as a writ of *habeas corpus.* *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013). Generally, all motions filed after

a judgment of sentence is final must be construed as a PCRA petition. *See id.*[4]

In the instant case, Anderson contends that new evidence in the form of A. Rambert's identification of her uncle as the shooter establishes that he is innocent of the offenses of which he was convicted. We agree with the PCRA court that Anderson's claims are cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vi) (providing grounds for relief where petitioner demonstrates exculpatory evidence has become available after trial and would have changed its outcome if it had been introduced.). Therefore, the court properly construed Anderson's petition, filed many years after his judgment of sentence became final, as a PCRA petition.

## C.

Anderson also maintains that if his filing is considered a PCRA petition, he is entitled to review on the merits because the newly-discovered fact exception to the PCRA's time-bar is applicable to his case. Anderson contends that A. Rambert provided conclusive proof that he was not the shooter and that her uncle instead committed the offense. Anderson further asserts that he filed his petition as soon as this information became available.

_____

[4] Anderson's judgment of sentence became final in 1983 when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

"The timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Shiloh***, 170 A.3d 553, 557 (Pa. Super. 2017) (citation omitted). A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final, unless the petition establishes the applicability of one of the three limited timeliness exceptions. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Here, Anderson invokes the newly-discovered fact exception at subsection 9545(b)(1)(ii), which requires that he plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Due diligence demands that a petitioner take reasonable steps to protect his interests and to explain why he could not have learned the new facts earlier. ***See Commonwealth v. Brensinger***, 218 A.3d 440, 448-49 (Pa. Super. 2019).

The focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Additionally, because subsection 9545(b)(1)(ii) is an initial jurisdictional threshold, it does not require any merits analysis of an underlying after-discovered evidence claim. ***See id***. Rather, if jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See id.***

There is no dispute that Anderson was present at the scene of the shooting. He was, therefore, well-aware of the circumstances of the incident, including any role he had in it, since the day of the robbery/murder. The "fact" of his purported status as an innocent bystander was already known to him at the time of trial, and A. Rambert was merely a "newly willing source for previously known facts." *See Brown*, *supra* at 176. Further, Anderson has not provided a sound reason why he could not have raised his claim earlier, as he makes only vague reference as to when he learned of A. Rambert's purported eyewitness account.

Additionally, as the PCRA court observed, because Anderson was convicted of felony murder, it is irrelevant whether he or one of his cohorts fired the lethal bullet at Farrell. The jury plainly disbelieved Anderson's version of events in which he was merely an innocent bystander.

In sum, Anderson has not made a plausible showing that he has discovered any fact that was unknown to him or that he exercised due diligence in this regard. Therefore, Anderson's petition is time-barred and the PCRA court lacked jurisdiction to review it.

Order affirmed.

J-S13042-21

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/21