J-S20007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH HALL | : | |
| | : | |
| Appellant | : | No. 400 WDA 2021 |

Appeal from the PCRA Order Entered March 2, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001967-2007

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:           **FILED: AUGUST 22, 2022**

Appellant Joseph Hall appeals from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant contends that he satisfied the newly discovered fact exception to the PCRA's timing restrictions. We vacate and remand for further proceedings.

A prior panel of this Court summarized the relevant facts and procedural history of this matter as follows:

> On December 20, 2006, at approximately 3:05 p.m., James Stubbs, a seventeen-year-old student in the City of Pittsburgh School District, was shot and killed on the streets of Pittsburgh, just a short distance from his school. The evidence presented by the Commonwealth established that Appellant was in the company of Lamont Hall and Allan Strothers (Strothers), in a vehicle driven by Strothers on the afternoon in question. The evidence presented established that Strothers, Lamont Hall and Appellant drove to the Homewood Section of Pittsburgh, ostensibly to look for girls. Testimony established that Appellant was armed with a

---

[1] 42 Pa.C.S. §§ 9541-9546.

[.]22 caliber pistol, while Lamont Hall was carrying a [.]40 caliber pistol.

Prior to the shooting a school police officer, Steven Shaulis, who was familiar with Appellant, saw him in a car near Westinghouse High School. Within a minute or two of seeing Appellant, [Officer] Shaulis heard gunshots from an area where Stubbs was later found. The physical evidence established that Stubbs was shot in the back with a [.]22 caliber bullet. The school police officers were able to provide a license plate for the car in which Appellant had been seen shortly before the shooting. Within hours of this event, Strothers called the authorities to report that his car had been stolen. Curiously, Strothers also reported that his "stolen" car had been located and recovered by himself. Strothers agreed to meet with police officers concerning this purported theft of his vehicle. Prior to meeting with the officers, Strothers advised the police that he had heard that a shooting occurred and that a car similar to his had been used in the shooting incident. Strothers claimed in his call to the police that he wanted to make it clear that he was not using his car at the time of the shooting. Strothers then physically met with officers of the City of Pittsburgh Police. At this time, Strothers admitted that he was driving the vehicle and that Appellant shot Stubbs with a [.]22 caliber weapon. Strothers also advised the police that Lamont Hall had produced a [.]40 caliber gun and began firing as well. Strothers was subsequently relocated for his safety, and charges were filed against Appellant and Lamont Hall.

Strothers had numerous encounters with law enforcement in the ensuing months. He identified Appellant as the shooter of Stubbs to a member of the Allegheny County Sheriff's Office who displayed a photo array to Strothers at the request of the Pittsburgh Police. Strothers gave a subsequent statement in January of 2007 to other detectives of the City of Pittsburgh Homicide Unit, providing greater detail as to the incident surrounding the shooting. Strothers later testified at a preliminary hearing as well as at a state grand jury proceeding. In all of his statements, Strothers consistently identified Appellant as the man who shot Stubbs.

At some later time, Strothers met with Appellant's mother and gave her a taped statement that contradicted his prior sworn testimony. All of this evidence was presented to the jury for their consideration. In addition to this evidence, Appellant also presented an alibi defense for the jury to evaluate. He called to

the stand several witnesses who testified that they saw Appellant at a gas station in the Penn Hills section of the city of Pittsburgh at the time of the shooting. The jury, however, disbelieved Appellant's alibi evidence and convicted him of third-degree murder and VUFA. Lamont Hall was found guilty of VUFA only. Following his convictions, Appellant was sentenced to seventeen and one-half to thirty-five years of incarceration].

*Commonwealth v. Hall*, 545 WDA 2009, 32 A.3d 283 (Pa. Super. filed July 27, 2011) (unpublished mem.). On direct appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on April 02, 2012. *See id.*, *appeal denied*, 42 A.3d 291 (Pa. 2011).

Appellant filed a timely first PCRA petition on November 19, 2012, which the PCRA court denied on March 6, 2014. Appellant filed an appeal, and on October 20, 2015, this Court affirmed the order dismissing Appellant's first PCRA petition. *Commonwealth v. Hall*, 437 WDA 2014 (Pa. Super. filed Oct. 20, 2015) (unpublished mem.), *appeal denied*, 141 A.3d 478 (Pa. 2016).

On June 18, 2018, Appellant filed his initial second PCRA petition, which underlies the instant appeal. Thereafter, Appellant requested and was granted several extensions of time in which to file an amended second PCRA petition. On October 2, 2019, the PCRA court directed Appellant to file his amended second PCRA petition on or before December 7, 2019. Appellant complied and filed his amended petition on December 6, 2019. The PCRA court held a hearing on November 17 and 18, 2020. In an order filed on March 2, 2021, the PCRA court dismissed Appellant's amended second PCRA petition, finding

that Appellant's petition was untimely and no exceptions to the PCRA time bar applied.

Appellant filed a timely appeal, and the PCRA court ordered Appellant to file concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his Rule 1925(b) statement on May 3, 2021.

Despite Appellant filing a timely Rule 1925(b) statement, the PCRA court did not file an opinion. On December 20, 2021, Appellant filed a motion in this Court seeking to expedite the appeal despite the absence of the PCRA court's opinion. On December 30, 2021, we ordered the PCRA court to complete, certify, and transmit the record to this Court within fourteen days. Although the PCRA court transmitted the record to this Court, it did not file an opinion.[2]

On appeal, Appellant presents the following issues:

I. Whether [Appellant] established that recently obtained statements of three different eyewitnesses are "facts" that were both (i) previously unknown to him and (ii) unable to be ascertained by the exercise of due diligence, within the meaning of 42 Pa.C.S. § 9545(b)(1)(ii)?

II. Whether [Appellant's] actual innocence provides a gateway to overcome any procedural issues, including timeliness, allowing a PCRA court to rule on the merits of [Appellant's] claims?

Appellant's Brief at 4.

____

[2] As the Commonwealth notes, during the pendency of this appeal, the PCRA court judge, the Honorable David R. Cashman, retired from the Allegheny County Court of Common Pleas. Commonwealth's Brief at 6.

Before we may reach the merits of Appellant's appeal, we must first address whether Appellant filed his PCRA petition in a timely manner. *See* ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). It is well settled that the PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See id.* (citation omitted).

As we have noted, the PCRA Court dismissed Appellant's underlying PCRA petition because it found that the petition was untimely filed. Order, 3/2/21. "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17. However, courts may consider a PCRA petition filed more than one year after judgment of sentence becomes final when the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner asserting one of these exceptions must file a PCRA petition within one year of the date the claim could have first been presented.  **See** 42 Pa.C.S. § 9545(b)(2).[3]  It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Here, the record reflects that Appellant's judgment of sentence became final on July 1, 2012, ninety after the Supreme Court of Pennsylvania denied allowance of appeal and the time in which to file a petition for a writ of *certiorari* in the Supreme Court of the United States expired.  **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13.  Accordingly, Appellant had until July 1, 2013, in which to file a timely PCRA petition.  However, Appellant filed the

_____

[3] In Appellant's "initial second PCRA petition," filed on June 18, 2018, he alleges that he learned of the new facts on April 19, 2018.  **See** Initial Second PCRA Pet., 6/18/18, at ¶48.  Therefore, according to Appellant's timeline, he had one year in which to file a PCRA petition and to raise an exception under 42 Pa.C.S. § 9545(b)(1)(i)-(iii), because Appellant alleges that his claim for exception to the time bar arose after December 24, 2017.  **See** **Commonwealth v. Williams**, 215 A.3d 1019, 1024 n.2 (Pa. Super. 2019) (explaining that on December 24, 2018, the Legislature amended Section 9545(b)(2) to expand the time for filing a PCRA petition from 60 days to one year from the date the claim could have been presented, and this amendment applies only to claims arising on or after December 24, 2017, pursuant to 2018 Pa.Legis.Serv.Act 2018-146(S.B. 915)).  Notably, if Appellant's claims arose prior to December 24, 2017, Appellant had only sixty days to file his petition. **See id.**

initial second PCRA petition underlying this appeal on June 18, 2018. Therefore, Appellant's PCRA petition is untimely, and is time barred unless he satisfies one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Although the PCRA court's March 2, 2021 order concludes that Appellant's instant PCRA petition is untimely and that no exceptions apply, the PCRA court's order provides no basis or reasoning for its conclusion. Additionally, the PCRA court did not file a Rule 1925(a) opinion in this matter. As such, we have no credibility determinations, findings of fact, or conclusions of law supporting the PCRA court's order.[4]

In *Commonwealth v. Montalvo*, 114 A.3d 401 (Pa. 2015), our Supreme Court reviewed the denial of PCRA relief in a capital case. Upon review, the Court found that the PCRA court's opinion was deficient. *Id.* at 410. The Court explained: "in order to enable appellate review, PCRA courts are required to provide a legally robust discussion, complete with clear findings of fact where required." *Id.* at 410 (citations omitted and formatting altered). "Where a PCRA court fails to support its holding with sufficient

---

[4] In its brief on appeal, the Commonwealth concedes that there were no findings of fact, conclusions of law, or credibility determinations made by the PCRA court. *See* Commonwealth's Brief at 4-6. Moreover, the Commonwealth maintains the same position it took before the PCRA court and agrees that the testimony from Appellant's three witnesses at the PCRA hearing was inconsistent with the Commonwealth's trial evidence. *Id.* at 4-5. However, although the Commonwealth concedes that Appellant met the "new facts" exception to the PCRA time bar, it maintains that Appellant is not due PCRA relief because the witnesses were "incredible." *Id.* at 3 -5. Accordingly, the Commonwealth requests that this case be remanded to the PCRA court for a merits determination, unless this Court can determine that the PCRA Court was correct. *Id.* at 9.

explanations of the facts and law, or [it] fails to provide an adequate opinion addressing all of the claims raised in a PCRA petition, including factual and credibility disputes, a remand is appropriate." *Id.* Additionally, remand may necessitate further proceedings including holding a hearing and the admission of supplemental evidence from which the PCRA court can make findings of fact and conclusions of law regarding the credibility of the proposed testimony, as well as its impact on the truth-determining process. *Id.*

The *Montalvo* Court proceeded to explain that the judge who oversaw the PCRA proceedings in that matter (Judge Dorney) had retired without making sufficient findings of fact and conclusions of law, and while the matter was reassigned to a new judge (Judge Bortner) for the purposes of drafting a Rule 1925(a) opinion, Judge Bortner's opinion merely deferred to earlier opinions written by Judge Dorney which our Supreme Court found insufficient to allow for appellate review. *Id.* at 410-11. Moreover, the *Montalvo* Court recognized that because Judge Dorney had retired, when the matter was remanded to the PCRA court, it would be assigned to a judge who did not have the benefit of presiding over the appellant's prior PCRA hearings. *Id.* at 411. Under these circumstances, the *Montalvo* Court held that on remand, the newly assigned judge was permitted to conduct additional hearings and admit evidence. *Id.*

In the instant case, we are without the PCRA court's credibility determinations, factual findings, or any basis upon which the PCRA court based its decision. Further complicating matters, the PCRA court judge has

now retired. Despite the PCRA court holding a hearing in this matter, all this Court has is the PCRA court's order that Appellant's PCRA petition was untimely and that no exceptions applied. *See* Order, 3/2/21. Just as in *Montalvo*, "in short, we have no basis upon which to conduct meaningful appellate review." *See Montalvo*, 114 A.3d at 411. On this record, we conclude that remand is necessary. *See id.*; *see also Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (remanding for a determination concerning the PCRA's newly discovered facts exception and explaining that the "due diligence inquiry" under 42 Pa.C.S. § 9545(b)(1) is a fact-sensitive determination, dependent upon the circumstances presented).

For these reasons, we vacate the order of the PCRA court and remand this matter to the PCRA court to conduct further proceedings, make factual findings and legal conclusions to determine Appellant's new facts time bar claim, and to address the merits of these claims, including credibility, as appropriate. *See Montalvo*, 114 A.3d at 411-12.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2022