J-S41029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MACEO EMERSON WARING | : | |
| | : | |
| Appellant | : | No. 3164 EDA 2023 |

Appeal from the PCRA Order Entered November 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000373-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MACEO EMERSON WARING | : | |
| | : | |
| Appellant | : | No. 3165 EDA 2023 |

Appeal from the PCRA Order Entered November 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000379-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MACEO EMERSON WARING | : | |
| | : | |
| Appellant | : | No. 3166 EDA 2023 |

Appeal from the PCRA Order Entered November 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000380-2013

BEFORE:  MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                    **FILED JANUARY 13, 2025**

Appellant, Maceo Emerson Waring, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On December 16, 2014, a jury convicted Appellant of first-degree murder, carrying a firearm without a license, possessing instruments of crime, and two counts of aggravated assault of a police officer. That same day, the court imposed an aggregate sentence of life imprisonment without parole, as well as two consecutive terms of 10 to 20 years' imprisonment. This Court affirmed his judgment of sentence on October 18, 2016, and Appellant did not seek further direct review. *See Commonwealth v. Waring*, No. 978 EDA 2015 (Pa.Super. filed Oct. 18, 2016) (unpublished memorandum).

Between 2017 and 2020, Appellant unsuccessfully litigated a first, timely PCRA petition. *See Commonwealth v. Waring*, Nos. 1386 EDA 2019, 1387 EDA 2019, 1388 EDA 2019 (Pa.Super. filed Oct. 6, 2020) (unpublished memorandum). Subsequently, on December 8, 2021, Appellant received a police misconduct disclosure and accompanying letter from the Philadelphia District Attorney's Office, detailing Detective Ronald Dove's history of misconduct. Specifically, in 2017, Detective Dove pled guilty to various

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

charges related to the investigation of a homicide in 2013. Detective Dove had questioned two witnesses in Appellant's case.

On November 9, 2022, Appellant filed the instant PCRA petition, arguing that Detective Dove's misconduct constituted after-discovered evidence and evidence of a **Brady**[2] violation. On October 4, 2023, the PCRA court sent Appellant Pa.R.Crim.P. 907 notice that the petition would be dismissed without a hearing, as it was untimely. Appellant filed a *pro se* response on October 19, 2023. On November 15, 2023, the PCRA court formally dismissed Appellant's petition.

On November 27, 2023, Appellant timely filed separate notices of appeal at each underlying criminal docket. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant did not file one. On July 3, 2024, this Court consolidated Appellant's appeals *sua sponte*.

On appeal, Appellant raises the following issue for our review:

> 1. Did the PCRA court err in concluding that Appellant's claims were untimely and did not meet any exception to the PCRA's time bar?

(Appellant's Brief at 4).

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert.*

---

[2] ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding prosecution's suppression of evidence favorable to accused, when requested, constitutes due process violation).

*denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42

Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015). "Due diligence demands the petitioner to take reasonable steps to protect [his] own interests. … A petitioner must explain why [he] could not have learned the new fact earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Shiloh***, 170 A.3d 553, 558 (Pa.Super. 2017).

"The proper question with respect to [the government interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." ***Commonwealth v. Chimenti***, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted). Where a petitioner's allegation of governmental interference is based on an alleged ***Brady*** violation, "the proper questions with respect to timeliness in this case are whether the government interfered with Appellant's access to the [allegedly withheld evidence], and whether Appellant was duly diligent in seeking [that evidence]." ***Commonwealth v. Stokes***, 598 Pa. 574, 581, 959 A.2d 306, 310 (2008).

To obtain relief on a substantive claim of after-discovered evidence under the PCRA once jurisdiction is established, a petitioner must

demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586 (2007). "To establish a ***Brady*** violation, a defendant must demonstrate that: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant." ***Commonwealth v. Haskins***, 60 A.3d 538, 545 (Pa.Super. 2012).

Instantly, Appellant's judgment of sentence became final on November 17, 2016, at the expiration of his time to file a petition for allowance of appeal in the Pennsylvania Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Appellant had one year from that date to timely file a PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Thus, Appellant's current PCRA petition filed on November 9, 2022 is facially untimely.

Appellant now attempts to invoke the governmental interference and newly-discovered facts exceptions to the PCRA's time bar. Specifically, Appellant asserts that Detective Dove's misconduct included obtaining false witness statements in criminal investigations. Appellant claims he could not have learned of Detective Dove's misconduct prior to his receipt of the misconduct disclosure. Appellant further insists that the Commonwealth actively suppressed evidence of Detective Dove's misconduct. Appellant

maintains that he was not required to demonstrate in his PCRA petition that Detective Dove had coerced witnesses in his own case and he should have been given an evidentiary hearing to develop his claims.

Nevertheless, Appellant has failed to show that he acted with due diligence in discovering Detective Dove's misconduct. The exhibits attached to Appellant's PCRA petition establish, through publicly available criminal dockets, that Detective Dove was charged in connection with his misconduct in 2015 and sentenced in 2017. Notably, Appellant litigated a first PCRA petition in 2017, and he was represented by counsel throughout those proceedings in the PCRA court, until he ultimately chose to proceed *pro se* in 2019 for his appeal following the denial of PCRA relief. Thus, Appellant fails to explain why he could not have discovered Detective Dove's misconduct sooner with the exercise of due diligence. **See Brown, supra**. **See also Commonwealth v. Keener**, No. 1165 WDA 2021 (Pa.Super. filed June 30, 2022) (unpublished memorandum),[3] *appeal denied*, ___ Pa. ___, 288 A.3d 489 (2022) (stating that although there is no longer "public record presumption" pursuant to which court may find that information available to public is not fact that was previously "unknown" to petitioner, petitioner is still obligated to exercise due diligence to discover facts upon which claim is predicated). Likewise, beyond a bald claim of governmental interference, Appellant has not articulated a specific claim that the government interfered

_____

[3] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

- 7 -

with his access to the information regarding Detective Dove. *See Stokes, supra*; *Chimenti, supra*. Consequently, Appellant has not satisfied his proffered time-bar exceptions.

Moreover, even if Appellant could establish jurisdiction, his claims would fail on the merits. Recently, in *Commonwealth v. Rahman*, Nos. 2932 EDA 2022, 2935 EDA 2022, 2937 EDA 2022, 2938 EDA 2022, and 2939 EDA 2022, 2023 WL 8244825 (Pa.Super. filed Nov. 22, 2023) (unpublished memorandum), this Court rejected an appellant's claims under *Brady* based on police misconduct where the appellant failed to demonstrate that evidence of police misconduct in "wholly unrelated cases was material to [the a]ppellant's case or the PCRA proceedings, such that its omission resulted in prejudice to [the a]ppellant." *Rahman, supra* at *5. *See also Haskins, supra*. This Court explained that the appellant likewise "failed to establish a nexus between his convictions and the misconduct of [the detectives] in other, unrelated cases." *Rahman, supra* at *6. This Court further held that the appellant's claims would also be unable to satisfy the after-discovered evidence test, where the purpose of the misconduct report would be solely to impeach the detective's credibility. *See id. See also Washington, supra*.

Here, despite Appellant's bald assertions that the witnesses in his case were coerced to falsely identify him, Appellant makes no specific assertions regarding the facts in **his** case, nor has he articulated what evidence he would present at an evidentiary hearing on remand beyond his generalized assertions of Detective Dove's misconduct in other cases. Thus, Appellant

cannot establish that Detective Dove's misconduct in "wholly unrelated cases was material to Appellant's case or the PCRA proceedings, such that its omission resulted in prejudice to Appellant." **See Rahman, supra** at *5. Likewise, to the extent Appellant would use Detective Dove's misconduct solely for the purposes of impeachment, he is unable to satisfy the after-discovered evidence test on this basis. **See id.** Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/13/2025